JESSE GITCHELL

v.

MOLLIE RYAN.

*Negotiable Instruments—Action on Promissory Note—Forgery—Practice—Evidence—Expert Witnesses—Comparison of Signatures—Instructions.*

1.   In an action on a promissory note, the defense being that the note was forged by the plaintiff, it is *held:* That, in view of the special circumstances presented, the court should have allowed great latitude in the cross-examination of the plaintiff as a witness; that it was proper to ask her how often she had written the defendant's name, and whether she had offered to sell the note at a large discount; that evidence tending to impeach the consideration, although not admissible for that purpose under the pleadings, was admissible as tending to show that the defendant did not execute the note; that it was error to allow expert witnesses to compare the signature to the note with certain other signatures of the defendant, and then state their opinions as to the identity of the handwriting; and that there was no error in giving and refusing instructions.

2.   Where proffered testimony tends to prove any of the issues on trial, it should not be excluded, even though it tends to establish a defense not interposed.

3.   The genuineness of a signature can not be proved or disproved on the trial of a cause by comparing it with other signatures admitted to be genuine.

4.   The trial court may properly refuse to give an instruction which is argumentative, and the substance of which is given in another instruction.

[Opinion filed December 9, 1887.]

In error to the Circuit Court of Ogle County; the Hon. John V. Eustace, Judge, presiding.

Mr. E. F. Dutcher, for plaintiff in error.

Mr. J. H. Cartwright, for defendant in error.

Baker, J.   This suit was by Mollie Ryan, defendant in error, against Jesse Gitchell, plaintiff in error, on a promissory note for $800, dated February 1, 1884. A plea was filed putting in issue the execution of the note. The finding of the jury and judgment of the court were in favor of defendant in error for $983.10 damages.

Several errors were committed by the trial court in its rulings upon the admissibility of testimony.

Upon the cross-examination of defendant in error, the court sustained an objection to this question: "How often have you written Jesse Gitchell's name?" The claim of Gitchell was that the note was a forgery. Defendant in error was a graduate of a business college and an expert penman, and was being cross-examined after her examination in chief as a witness in her own behalf; she had already testified in positive terms that Gitchell signed the note in her presence and that no one else was present at the time and place this was done. In view of the defense that was being interposed to the suit, the fraud that was claimed, the interest of the witness in the result of the litigation, and of the circumstances surrounding the supposed signing of the instrument, we think a very great latitude of cross-examination should have been given plaintiff in error, and that it was manifestly erroneous to allow the objection to this question to prevail. Defendant in error was intimately acquainted with Gitchell and had received many letters from him, and if the fact was that she had written his name frequently, it would tend to prove her ability to counterfeit his handwriting and signature.

The court also refused to permit plaintiff in error to ask the same witness whether she had taken the note in controversy to Rockford and offered to sell it to a Mr. French at $100 discount.

It is a suspicious circumstance if unexplained, that one would offer to sell a note at so large a discount, and moreover, the fact sought to be established would have been in contradiction of statements she had made on the witness stand with reference to where the note had been kept from the time of its date. In our opinion the question should have been allowed.

Plaintiff in error denied the execution of the note and all the circumstances stated by defendant in error; but the court refused to permit him to testify whether or not, on the first day of February, 1884, or at any other time, he was indebted to Mollie Ryan. The ground upon which this evidence was excluded was, that there was no plea of want of consideration on file. The evidence was clearly not admissible, under the pleadings, for the purpose of impeaching the consideration of the note; but it was not sought to be introduced for that purpose and was expressly offered as tending to prove that Gitchell did not execute the note. It is improbable that any one would sign and deliver a promissory note for $800 to a person to whom he was not and never had been indebted, and the fact in question would have been a circumstance tending, at least in some degree, to prove the plea that was on file. If proffered testimony tends to prove any of the issues on trial, it should not be excluded, even though it might also, in case proper plea had been filed, have been competent evidence in establishing a defense that was not interposed. There would have been no difficulty in instructing the jury to regard such testimony solely and only for the purposes for which it was offered and admitted. Gridley v. Bingham, 51 Ill. 153, is not an authority here in point; in that case the statements of the vendor made after sale were wholly incompetent as evidence against the vendee for any purpose and did not tend to prove any fact in issue; here the proffered testimony tended to prove the defense made by the pleadings.

The ruling of the court in the premises was erroneous.

On the trial of the case, George E. King, Stephen Pankhurst and Peter Hastings were called as experts by defendant in error, and shown the signature to the note in suit, and also the signatures to two affidavits made by defendants in error

Gitchell v. Ryan.

and on file in the cause, and asked to state whether the signatures to the two papers and the note were in the same handwriting. The court refused to admit this testimony. There was no error in this action of the court. The doctrine of this State is, that the genuineness of a signature can not be proved or disproved on the trial of a cause by comparing it with another signature admitted to be genuine. Kernin v. Hill, 37 Ill. 209; Snow v. Wiggin, 19 Ill. App. 542; Jumpertz v. People, 21 Ill. 375; Melvin v. Hodges, 71 Ill. 422; Massey v. Farmers' Nat. Bank, 104 Ill. 327.

It was, however, manifest error to permit the two first mentioned of said witnesses to compare the signature to the note with the signatures of Gitchell in two autograph albums, and then, over the objections of defendant in error, state their opinions with reference to the identity of the handwriting of the several signatures.

In Melvin v. Hodges, above cited, it was held that on cross-examination, where the object is not to prove a signature by comparison, but merely to test the accuracy of the observation and memory of the witness, it is competent to show him a signature as to the genuineness of which there is no question, and examine him in respect to the genuineness of such signature. The witnesses Quinn, Ackerman, Custa Plantz and Rose and Ellen Gitchell, had all testified in chief that they were acquainted with the handwriting of defendant in error, and also, in terms more or less positive, that the signature of the note was not in his handwriting. Under the rule announced above the court properly permitted them to be cross-examined upon the papers "C" and "D," which had been admitted by defendant in error to be in his own writing.

The objections urged against the instructions given at the request of the plaintiff below are untenable.

There was no error in refusing the fourth instruction in the series asked by the defendant below; the substance of it was given in the sixth instruction, and, moreover, it was argumentative and otherwise objectionable.

It seems to us that the verdict of the jury was palpably

against the weight of the evidence, but as the issue joined must be submitted to another jury, we refrain from discussing it.

For the errors indicated in this opinion, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*