JOHN L. BEVAN, Admr.

*v.*

THE ATLANTA NATIONAL BANK.

*Filed at Springfield June 17, 1892.*

1. PROMISSORY NOTE—*proof of execution.* On the trial of a case upon a note, the execution of which was put in issue, and which purported to be signed by A, as principal, and by B, as surety, against whose estate it was filed, the plaintiff called a witness, and proved by him the declaration of B, made in her lifetime, that she had assisted A, and did not think she would lose anything by it: *Held*, that while the evidence was of but little weight, it was competent to be considered by the jury, in connection with other evidence, as showing the relations in which the makers stood toward each other, and as tending to show the assistance spoken of had reference to the note.

2. The law is well settled in this State that the genuineness of a signature to a note or other instrument in writing can not be proved or disproved by comparing it with another signature admitted to be genuine.

3. Where a witness is called to prove the genuineness of the signature of a party sought to be charged, and is shown, on cross-examination, the signatures of the party on other notes, which the witness has seen executed, and the one in dispute is signed "Alice," while the others are signed "Allie," such prior notes are not admissible in evidence by the defendant for any purpose.

4. EVIDENCE—*latitude of cross-examination.* In many cases, in order to ascertain the truth and arrive at a correct result, it is necessary to allow a considerable latitude in the cross-examination of witnesses in order to test the accuracy of their testimony.

5. Where a witness called to prove the genuineness of a signature of a party to a note predicates his judgment, in part, upon signatures to other notes which he saw executed by the same party, if the signature to the note in suit differs from that in the other notes the execution of which the witness saw, the defendant will have the right to show that fact on cross-examination, as one proper for the consideration of the jury in determining what weight they should give the opinion of the witness testifying that the note was genuine.

6. SAME—*to show interest of witness and similar controversy between him and one of the parties.* It is always competent to show, on cross-examination, that a witness is interested in the result of the suit; but when the witness has no direct interest in the result of the suit, there will be no error in refusing questions tending to show that the witness held notes signed by the same parties as in the case on trial, in respect to which a similar dispute had arisen.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. BEACH & HODNETT, for the appellant:

The notes and order signed by Mrs. Williams upon which the witnesses based their knowledge of her signature, and which showed a peculiarity in spelling, were admissible. See *Brooks* v. *Tichborne*, 5 Exch. 590.

The admission in evidence of the conversation between the witness Foley, and Mrs. Williams, was error. 2 Smith's Lead. Cases, 1011; *Thompson* v. *Drake*, 32 Ala. 99.

The court erred in restricting the cross-examination of the witnesses. *Ray* v. *Bell*, 24 Ill. 444; *Faulk* v. *Kellums*, 54 id. 188; *Melvin* v. *Hodges*, 71 id. 422; *Gritchell* v. *Ryan*, 24 Ill. App. 372; 1 Greenleaf on Evidence, sec. 446; 1 Thompson on Trials, secs. 406, 450; *People* v. *Benson*, 52 Cal. 380.

To entitle the plaintiff to recover, the plaintiff's case must be proven by a preponderance of the evidence. Failing to do

so, a verdict in favor of the plaintiff will be set aside. *Lincoln* v. *Stowell*, 62 Ill. 84; *Peaslee* v. *Glass*, 61 id. 94; *Boudreau* v. *Boudreau*, 45 id. 480.

Mr. F. L. CAPPS, and Messrs. BLINN & HOBLIT, for the appellee:

The law of this State is, that the genuineness of a signature can not be proved or disproved on the trial of a cause by comparing it with another signature not in the case, whether the signature sought to be compared with it is admitted to be genuine or not. *Gitchell* v. *Ryan*, 24 Ill. App. 375; *Kernin* v. *Hill*, 37 Ill. 209; *Melvin* v. *Hodges*, 71 id. 425; *Snow* v. *Wiggins*, 19 Ill. App. 543; *Massey* v. *Bank*, 104 Ill. 333.

The cross-examination of a witness must be confined to the issue on trial, and all evidence calculated to mislead the jury from the real issue should be excluded. *Halloway* v. *Johnson*, 23 Ill. App. 332; *Hanchett* v. *Kimbark*, 118 Ill. 128; 1 Greenleaf on Evidence, secs. 51, 52; 1 Wharton on Evidence, sec. 29; 1 Best on Evidence, sec. 251; 1 Phillipps on Evidence, sec. 748; *Evans* v. *George*, 80 Ill. 51.

Per CURIAM:   This was an action of assumpsit, brought by the Atlanta National Bank, against John L. Bevan, administrator of the estate of Alice Williams, deceased, upon a promissory note for $1000, which purported to be executed by C. E. Pratt and Alice Williams.   To the declaration the defendant pleaded the general issue, sworn to, and upon a trial the plaintiff recovered a judgment for the amount due on the note, which judgment was affirmed in the Appellate Court.

No complaint is made with the decision of the court on instructions, but it is claimed that the court erred in its rulings on the admission and exclusion of evidence, and upon this ground it is insisted that the judgment is erroneous.

The note in controversy bears date May 1, 1888, payable sixty days after date, to the order of the Atlanta National

Bank, signed "C. E. Pratt, Alice Williams." No question was raised in regard to the execution of the note by Pratt, but as to the execution of the instrument by Alice Williams, on the one hand it is claimed by plaintiff that the note contains her genuine signature, while on the other hand the defendant, the administrator of her estate, claims that the signature of Alice Williams to the note is a forgery.

Stephen A. Falley, a witness for the plaintiff, testified, against the objection of the defendant, that he had a conversation with Alice Williams at Atlanta, in July or August, 1888, which was in substance as follows: "We were talking about family affairs, and finally we came to Charlie, and I asked her if she thought that she would be likely to lose anything by Charlie. I meant Charles E. Pratt. She said she would not—she did not think she should. Charlie had been very good to her—even better than her own children. She said to me, 'You know I have assisted Charlie, and I don't think I will ever lose anything by it.'" It is claimed that this testimony has no reference to the note, and hence was inadmissible. It is true that the note was not mentioned, but it was proper to show the relation existing between the two parties, and also that Mrs. Williams had assisted Pratt, and that she did not anticipate any loss on account of the assistance rendered, and it was for the jury to determine whether the assistance she had rendered had reference to the note or to some other transaction. We do not regard the evidence entitled to much weight, but at the same time we think it was competent for the consideration of the jury, in connection with the other evidence.

On the trial the plaintiff called as a witness Sylvester Hoblit, who testified that he had seen Alice Williams write and was acquainted with her signature, and upon being shown the note in controversy he testified that the signature of Alice Williams was her genuine signature. On cross-examination the following questions were asked the witness:

20—142 ILL.

Q. "You may now examine a note dated Atlanta, Illinois, July 14, 1884, for $50, and state whether or not that is one of the signatures of Alice Williams that you saw her make, and upon which you base your knowledge of her handwriting."

Q. "If there is any difference in the signature of Alice Williams upon that note and the signature of Alice Williams on the note in controversy, you may state in what that difference consists."

Q. "You may examine the note shown to you, dated October 10, 1884, signed by Alice Williams, and state whether or not that is another of the notes you saw her make and upon which you base your knowledge of her signature."

Q. "If there is any difference between the signature of Alice Williams upon the note last shown you and the signature to the note in controversy, you may state in what particular it exists."

Q. "You may examine the note shown to you, of date June 1, 1885, with the name of Alice Williams signed to it, and state if that is another of the notes you saw her make and upon which you base your knowledge of her signature."

Q. "If there is any difference between the signature of Alice Williams upon that note and the note in controversy,—her signature upon the note in controversy,—you may state what it is."

Q. "Is it not true all of the notes you saw her sign, and which have been shown to you and to which your attention has been called, she wrote her name Allie Williams?"

Q. "Is it not true that there is a difference between the signature of Alice Williams on all of these notes you saw her sign and to which I have called your attention, and upon which you, in whole or in part, base your knowledge of her signature, and the signature of Alice Williams, on the note in controversy?"

Q. "Is it not true in all the notes you saw her sign and to which your attention has been called here, and upon which

you say you base your knowledge of Alice Williams' hand-writing, she spells her name different from the way it is spelt in the note in controversy?"

The plaintiff objected to the several questions, the court sustained the objections, and the defendant excepted. Similar questions were asked other witnesses, and the court made a like ruling.

It was claimed by the defendant that Mrs. Williams, in the execution of notes and papers, signed her name "Allie Williams," while the note involved was signed "Alice Williams." Under such circumstances, we are inclined to think the rule of cross-examination adopted by the court was too restricted. The several notes which the witnesses had seen Mrs. Williams execute, upon which they predicated their opinion that the signature to the note in question was genuine, were produced and shown the witnesses. Now if, in the execution of all of these notes, Mrs. Williams wrote her given name "Allie" instead of "Alice," no reason is perceived why it was not competent to establish such fact on cross-examination, for the purpose of testing the soundness of the opinion given by the witnesses that the signature to the note in question was genuine. In many cases, in order to ascertain the truth and arrive at a correct result, it is necessary that considerable latitude be given on the cross-examination of witnesses, in order to test the accuracy of their evidence. The genuineness of the signatures to the several notes to which the attention of the witnesses was called was not in controversy, and the purpose was not to prove a signature by comparison, but, as was done in *Melvin* v. *Hodges*, 71 Ill. 425, to test the accuracy of the witness' opinion or judgment, which had, in the direct examination, gone to the jury. If the witnesses called by the plaintiff to prove that the signature of Mrs. Williams on the note in question was genuine, predicated their judgment, in whole or in part, upon signatures to notes they saw her sign, and the signatures to those notes differed from the signature

to the note in question, it seems plain that the defendant had the right to call out that fact in cross-examination, as it was a fact proper for the consideration of the jury in determining what weight they should give to the opinions of the witnesses who gave their opinion that the note was genuine.

The defendant offered in evidence the notes which were exhibited to the several witnesses, on cross-examination, but the plaintiff objected, and the court sustained the objection, and this decision of the court is relied upon as error. We perceive no ground upon which the notes were admissible in evidence. The law is well settled in this State that the genuineness of a signature to a note or other instrument in writing can not be proved or disproved by comparing it with another signature admitted to be genuine. (*Kernin* v. *Hill,* 37 Ill. 209 ; *Massey* v. *Farmers' Nat. Bank of Virginia,* 104 Ill. 330). It is true that the evidence was not offered for comparison of hands, but this did not obviate the difficulty. There are cases where certain evidence may be competent for one purpose but incompetent for another, but here we do not regard the offered evidence competent for any purpose ; and, had it been admitted, its effect on the jury could not have been other than prejudicial to the rights of the plaintiff.

Several of the witnesses of the plaintiff were asked, on cross-examination, whether they held notes signed by Pratt and Mrs. Williams where the genuineness of her signature was disputed, or were interested in any bank which held such notes, and the court excluded the evidence. It is not claimed that the holding of such a note, or having an interest in a bank which held such a note, would disqualify the witnesses from testifying in the case, but the claim is, that the witnesses were interested, and the evidence was competent, as affecting their credibility. It is always competent to show, on cross-examination, that a witness is interested in the result of the suit. But here the witness had no direct interest in the result of the suit. The

interest, if any, was so remote that we do not regard the ruling of the court in rejecting the evidence as erroneous.

For the error indicated, the judgments of the circuit and Appellate courts will be reversed, and the cause remanded.

*Judgment reversed.*