DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1908.

---

## Freedom E. Hobart, Appellant, v. VanAernam Brothers, Appellees.

1. EVIDENCE—*what competent upon question of handwriting.* If a witness has stated that a certain signature in issue is not his, pointing out the points of difference existing therein from his regular signature, it is competent upon cross-examination to show him a signature claimed not to contain such points of difference and ask him if such signature is not his.

2. EVIDENCE—*collateral matters incompetent.* It is improper to permit a witness to testify to a controversial conversation had between the plaintiff to a suit and a third party, such conversation in nowise pertaining to the issues of the cause.

Action commenced before justice of the peace. Appeal from the Circuit Court of Hancock county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 24, 1908.

CHARLES J. SCOFIELD, for appellant.

S. L. McCRORY and W. H. HARTZELL, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant brought suit against the appellees before a justice of the peace to recover the sum of $15.00 upon an order purporting to be signed by appellees for one copy of the "Biographical Review of Hancock

(1)

County, Illinois." The appellees, Ransom D. Van Aernam and Charles H. Van Aernam, partners as Van Aernam Brothers, filed an affidavit denying the execution by them of the order sued on. Upon the appeal by appellees to the circuit court of Hancock county, a trial by jury resulted in a verdict and judgment against appellant. The evidence bearing upon the issue whether or not Ransom D. Van Aernam signed the firm name to the order sued on, is so close and conflicting that the verdict of the jury is very likely to have been prejudicially affected by any errors of law upon the trial of the case. The witness Ransom D. Van Aernam having testified in his direct examination that the signature to the order was not in his handwriting and having stated several alleged points of difference between the signature as it appeared upon the order and as written by him, counsel for appellant upon cross-examination of the witness produced a certain hotel register, whereon appeared the signature "R. Van Aernam," and inquired of the witness whether or not such signature was in his handwriting. Upon objection interposed by counsel for appellees the witness was not permitted to answer the question. It was claimed on behalf of appellant that the signature appearing upon the hotel register did not present the point of difference between the signature to the order and his genuine signature as testified to by the witness, and that the question was competent for the purpose of refreshing the recollection of the witness and as tending to test the accuracy of his statement made upon direct examination. For this purpose we think the question was competent, and that the court erred in sustaining the objection thereto. Bevan v. Atlanta Nat. Bank, 142 Ill. 302. If the witness had denied that the signature upon the local register was in his handwriting, no further examination of the witness upon that subject would have been proper, but if the witness had answered the question in the affirmative and admitted that the signature upon the hotel register

was in his handwriting, counsel for appellant could have pursued a line of cross-examination for the purpose indicated.

Upon this record as made the court properly refused to permit the hotel register to be admitted in evidence. It was wholly collateral to the issue involved, and its admission could have only served to enable the jury to compare the signature thereon with the signature upon the order in question, which is not permissible. Himrod v. Gilman, 147 Ill. 293.

Upon the preliminary cross-examination of R. R. Wallace, who was called as a witness upon behalf of appellees, he testified that he had no feeling against appellant, but that a year or so prior thereto, in consequence of some difference between himself and appellant, he had ordered appellant out of his place of business and had expedited the exit of appellant by putting his hand on him. Upon the re-direct examination of the witness, he was permitted, over the objection of counsel for appellant, to detail a controversial conversation had in his place of business between appellant and one Marshall, relative to a claim by appellant against said Marshall arising out of a transaction similar to the one involved in the case at bar. This was clearly improper and prejudicial to appellant.

Other objections are urged by appellant, but we do not consider the same of sufficient importance to merit discussion.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*