## A. T. Green, Appellee, v. Eunice M. Jennings, Appellant.

1. APPEAL AND ERROR, § 994*—*when refusal of leave to file additional plea not saved for review.* Error of court in refusing leave to file an additional plea not saved for review where there is neither a motion for leave to file such plea in the bill of exceptions nor any order concerning such motion. A record made by the clerk will not save such question for review.

2. APPEAL AND ERROR, § 800*—*what necessary to make motion for leave to file plea a part of the record.* A motion for leave to file an additional plea is no part of the record unless made so by the bill of exceptions.

3. APPEAL AND ERROR, § 1506*—*when exclusion of question asked of witness on direct examination is error.* Where plaintiff on cross-examination testifies that on a certain date when defendant signed and executed the note he loaned to defendant a certain sum of money, *held* that the exclusion of a question asked of defendant on direct examination as to whether plaintiff did advance her money on that date was error.

4. WITNESSES, § 284*—*when exclusion of question on cross-examination is error.* In an action on a promissory note, exclusion of a question asked of plaintiff on cross-examination as to whether he had testified on a former trial that defendant made a certain statement to the plaintiff regarding the note, when the note was delivered to him, *held* error.

5. WITNESSES, § 227*—*when exclusion of question asked on cross-examination is error.* In an action on a promissory note, exclusion of question asked of plaintiff on cross-examination whether he signed defendant's name to her leases and other contracts, *held* error.

6. EVIDENCE, § 452*—*when exclusion of testimony of witness as to genuineness of handwriting is error.* In suit on a promissory note where a witness for defendant testifies that he had seen defendant write, that he was acquainted with her signature and that the signature to the note "isn't her signature as I am used to it," and testifies on cross-examination that he knew defendant's handwriting "sufficient for my own purpose," *held* that the testimony of the witness was competent and material, the weight of which was for the jury, and that the exclusion of all his evidence on motion of plaintiff was reversible error.

7. EVIDENCE, § 453*—*when affidavit filed in suit denying signature may be exhibited to witnesses on cross-examination to test knowledge of signature.* In an action on a promissory note where

certain witnesses for the defendant had on cross-examination testified that they knew the signature of the defendant, permitting plaintiff's counsel to exhibit to the witnesses the affidavit made by defendant filed in the case denying the signature to the notes sued on and asking them if they knew the signature to the affidavit, *held* not error.

8. EVIDENCE, § 453*—*when signature to plea putting execution of note in issue may be exhibited to witness on cross-examination to test his knowledge of handwriting.* Where a witness testifies he is acquainted with defendant's handwriting it is proper on cross-examination for the purpose of testing the accuracy of his memory to show him the signature to the plea putting the execution of the note in issue, there being no question as to its genuineness, and ask him whether it was the signature of the defendant. This is not proving the signature but testing the accuracy of the memory of the witness.

9. EVIDENCE, § 450*—*rule as to comparison of handwriting.* Genuineness or falsity of a handwriting or signature cannot be proved by comparison with other handwriting or signatures admitted to be genuine unless said other handwriting or signatures are in evidence in the case for some other legitimate purpose or at least are among the files of the case as a part of the record. The rule even goes to the extent of permitting the jury to make the comparison.

10. BILLS AND NOTES, § 421*—*evidence admissible to prove execution or nonexecution of note.* On an issue as to the execution of a note, evidence tending to show a reason for its execution and a reasonable probability or improbability that defendant made or delivered the same is not only competent but highly important for the consideration of the jury.

11. BILLS AND NOTES, § 420*—*admissibility of evidence.* In suit on a promissory note, refusal of court to admit in evidence a schedule made by plaintiff to the assessor after the commencement of the suit, *held* proper.

12. BILLS AND NOTES, § 462*—*when instruction inaptly worded and tending to mislead.* In an action on a promissory note, instructions given for plaintiff as to the proof necessary to enable plaintiff to recover, *held* inaptly worded and tending to mislead the jury.

13. BILLS AND NOTES, § 462*—*when requested instruction properly refused.* In action on a promissory note, an instruction for defendant *held* properly refused as requiring plaintiff to prove a consideration.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

VOSE & CREEL, for appellant.

FLACK & LAWYER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* begun on July 20, 1911, by A. T. Green against Eunice Jennings. The declaration contains three special counts and the common counts. The first count is in the ordinary form on a promissory note and avers that the defendant on July 13, 1908, executed and delivered to plaintiff a promissory note for $294.75. The second count declares on a note dated August 20, 1909, for $800, averred to have been executed and delivered by the defendant to the plaintiff. The third count is for work and services averred to have been rendered by the plaintiff to the defendant. The summons was served on the defendant personally and on Dora Booth, her conservator.

A plea of the general issue was filed by the defendant by her conservator. The conservator also filed an affidavit stating on information and belief that the defendant, Eunice Jennings, did not make the instruments sued on. Two affidavits made by Eunice Jennings were filed, one stating that she did not make and deliver the instruments sued on, the other verifying the plea. There was a trial before a jury at the January term, 1912, in which the jury disagreed.

The May term of the court, 1912, convened on May 13th and on that day adjourned to May 20th. On May 20th the defendant, who at that time appears to have been restored to the charge of her property, by her counsel moved for leave to file a plea of want of consideration, and a plea of *res adjudicata* to the third and fourth counts.

The plaintiff on May 21st dismissed as to the third and common counts, and the court denied leave to file the additional pleas. There was then a second trial before a jury and a failure of the jury to agree. At

the September term, 1912, at the third trial, a jury returned a verdict for plaintiff for $1,316.43, on which judgment was rendered and the defendant appeals.

It is assigned for error that the court erred in refusing leave to the defendant to file a plea of want of consideration. There is neither a motion for leave to file such a plea in the bill of exceptions nor any order concerning such a motion. A motion for leave to file an additional plea is no part of the record unless made so by a bill of exceptions. A record made by the clerk will not save for review a ruling denying a motion for leave to file a plea. *St. Louis & O'Fallon Ry. Co. v. Union Trust & Savings Bank,* 209 Ill. 457; *Chicago & Eastern I. R. Co. v. Goyette,* 133 Ill. 21; *People v. Werton,* 236 Ill. 104; *Boys v. Bernhard Milling Co.,* 138 Ill. App. 88. It appears from the record, however, that the May term was the first term at which appellant had control of her case, theretofore being under a conservator. If the question had been properly preserved we would not hesitate to hold that there was an abuse of legal discretion in overruling the motion for leave to file a plea of want of consideration.

It appears from the evidence that the appellant is a maiden lady about seventy years of age and that she was for many years an invalid, who was wheeled about in a chair. The appellee was a merchant in Macomb, who about the time of the date of the notes sued on was the agent of the appellee and attended to her business.

The appellee testified that the appellant executed and delivered the notes to him at their respective dates. At the last trial he testified that the appellant said to him in July, 1908, when the July note was delivered to him, that she wanted him to show it to the board of review to show that she was a borrower and not a money loaner. On cross-examination an objection was made and sustained to a question as to whether he had testified to any such statement on the former trial. The question was a proper question and it was error to sustain the objection for the reason it was proper

to show if such was the fact that at a former trial he gave a different version of what was said when the note was executed.

The appellee on cross-examination was also asked if he did not, during the time he was acting as her agent, sign her name to her leases and other contracts. In *Gitchell v. Ryan*, 24 Ill. App. 372 where the issues were the same as in this case, it was held that the sustaining of objections to questions similar to the questions put to appellee was error. Great latitude should be allowed in cross-examination of a party to a suit in a case of this kind.

The appellee also testified on cross-examination, while detailing what occurred at the time he claimed defendant executed the note, that on August 20th he loaned $800 to defendant at the time she signed and delivered the note. The appellant on her direct examination was asked, if on August 20, the plaintiff advanced any money to her; an objection made by plaintiff was sustained to this question. While there was no plea of want of consideration, still the defendant had the right to testify concerning anything that occurred or that certain things did not occur at the time the note was made; she also had the right to testify concerning those things for the reason that they tended to impeach the evidence of the appellee on a material matter that he had testified to as a part of the *res gestae* of making the note. By the evidence of the appellee the receiving of the $800 was a part and parcel of the making of the note by the defendant.

On an issue as to the execution of a note, evidence tending to show a reason for its execution, and a reasonable probability or improbability that the defendant made or delivered the same, is not only competent but highly important for the consideration of the jury. The defendant has the right to make proof of such facts and circumstances as may tend to show the note is not hers and render it improbable that she executed it. *Hunter v. Harris*, 131 Ill. 482.

L. F. Gumbart, assistant cashier of the Union National Bank of Macomb, and engaged in the banking business twenty-six years, testified for the appellant that he knew her, had seen her write and that he was acquainted with her signature, that the signature to the note dated July 13th "isn't her signature as I am used to it." "my judgment is it is not; so far as my judgment leads me it is not." He made the same answer when asked about the note dated August 20th. On the cross-examination he was asked if he knew the handwriting of the defendant, and his answer was "Sufficient for my own purposes." On motion of the plaintiff all the evidence of this witness was excluded. The witness having answered that he had seen her write and knew her signature and that the signatures were not hers, his evidence was competent and material. Its weight was for the jury and the excluding of this evidence was reversible error.

On the cross-examination of certain witnesses for the defendant after they had testified that they knew the signature of the defendant, counsel for plaintiff exhibited to the witnesses the affidavit made by defendant filed in this case denying the signature to the notes sued on, and asked them if they knew the signature to the affidavit. This was in the line of testing the witnesses' knowledge of appellant's signature and there was no error in overruling the objection to these questions.

While the genuineness of the signature may not be proved by comparing it with another signature not in evidence, but admitted to be genuine, yet where a witness testified he was acquainted with defendant's handwriting it is proper on cross-examination for the purpose of testing the accuracy of his memory to show him the signature to the plea putting the execution of the note in issue, about the genuineness of which there was no question, and ask him whether it was the signature of the defendant. This is not proving the signature, but testing the accuracy of his memory. *Melvin v. Hodges,* 71 Ill. 422.

The rule seems to be settled in this State that the genuineness or falsity of a handwriting or signature cannot be proved by comparison with other admittedly genuine handwriting or signatures, unless said other handwriting or signatures are in evidence in the case for some other legitimate purpose or at least are among the files of the case as a part of the record. *Brobston v. Cahill*, 64 Ill. 356; *Melvin v. Hodges, supra; Massey v. Farmers' Nat. Bank*, 104 Ill. 327; *Bevan v. Atlanta Nat. Bank*, 142 Ill. 302; *Riggs v. Powell*, 142 Ill. 453; *Himrod v. Gilman*, 147 Ill. 293. The rule even goes to the extent of permitting the jury to make the comparison. "When, however, other writings or signatures admitted to be genuine are already in the case, comparison may be made by the jury, with or without experts." *Stitzel v. Miller*, 250 Ill. 72; *Greenebaum v. Bornhofen*, 167 Ill. 640; *Bevan v. Atlanta Nat. Bank, supra.*

It is also contended that the court erred in refusing to admit in evidence a schedule made to the assessor in April, 1912. This suit was begun in September, 1911; the making of the schedule was subsequent to the beginning of the suit and to a trial wherein the jury disagreed. In *Green v. Smith*, 180 Ill. App. 572 (opinion filed March, 1913), we held such evidence was competent in behalf of an estate defending as tending to show the plaintiff did not have any such note at the time the schedule was made. Under the facts disclosed by the evidence in the present case, the court properly excluded the schedule, and sustained the objections to the questions asked the assessor.

Appellant contends that the court erred in instructions one and two given for the plaintiff. Instruction one is: "The court instructs the jury that all the plaintiff is required to prove in this case to entitle him to recover the amount of the principal and interest of the promissory note bearing date July 13, '08, for the principal sum of $294.75 and produced in evidence, is that said note was signed by the defendant, Eunice Jennings, and delivered by her to the plaintiff, and if you

find from a preponderance of the evidence, that said proof has been made by the plaintiff, then you should find the issues for the plaintiff and assess his damages on said note at the principal sum of said note and the interest due thereon.''

The instruction is inaptly worded and might mislead the jury.

In place of stating ''if you find from a preponderance of the evidence that said proof has been made,'' the proposition should have been stated, ''if you find from a preponderance of the evidence that said note was signed by the defendant,'' etc. The appellee did make proof that the note was executed by the defendant, but to find that such proof was made irrespective of the proof to the contrary made by the appellant would not entitle appellee to recover. It was not sufficient to entitle appellee to recover for the jury to find from a preponderance of the evidence that appellee had made proof that appellant executed the note, but the evidence that she executed the note must preponderate over the evidence that she did not execute it. The second instruction was in the same form and concerned the other note.

It is also argued that the court erred in refusing the following instruction: ''You are further instructed, that before the plaintiff, A. T. Green, is entitled to recover in this case, the burden is upon him to prove by a preponderance of the evidence, that the defendant, Eunice Jennings, made, executed and delivered to him for a good and valid consideration the note or notes upon which you find he is entitled to recover if you so find he is entitled to recover upon either of said notes.''

. This instruction was properly refused for the reason that the plaintiff was not required to prove a consideration, even if there had been a plea of want of consideration on file. If a plea of want of consideration was on file the burden of sustaining such a plea would be on the defendant. *Honeyman v. Jarvis*, 64 Ill. 366, Par-

agraph 46, Negotiable Instrument Act (J. & A. ¶ 7667);
6 Am. and Eng. Encyc. of Law, 763.

For the errors indicated the judgment is reversed
and the cause remanded.

*Reversed and remanded.*