---

(No. 15038.—Reversed and remanded.)
CONRAD H. MATTHIESSEN, Defendant in Error, *vs.* WILLIAM O. DUNTLEY, Plaintiff in Error.

*Opinion filed February 21, 1923.*

1. PLEADING—*when affidavit of merits is sufficient to set up defense of want of consideration in a suit on note.* An affidavit of merits setting up want of consideration in defense to a suit on a promissory note in the municipal court of Chicago is sufficient if it simply alleges that there was no consideration for the note, and it need not set up the details or evidence of the want of consideration.

2. SAME—*evidence set out in statement of claim need not be denied in detail by defendant.* The fact that the plaintiff sets out his evidence in his statement of claim in the municipal court of Chicago does not require the defendant to plead his evidence in answer thereto or to deny the evidence of the plaintiff; and the requirement of paragraphs (*k*) and (*p*) of rule 15 of said court that the defendant must specifically deny every allegation of fact in the statement of claim means only a denial of such facts as are essential to a statement of the plaintiff's cause of action.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

PETIT, CUMMINGS & SNIDER, (ADELOR J. PETIT, JR., of counsel,) for plaintiff in error.

RYAN, CONDON & LIVINGSTON, (DAVID J. GREENBERG, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The question involved in this case is the sufficiency of an affidavit of merits filed to a statement of claim in a case of the first class in the municipal court of Chicago. The suit is on a note for $25,000, dated December 2, 1914, due in five years, with interest at six per cent. Defendant in error, as plaintiff therein, filed his statement of claim on this note, and plaintiff in error, as defendant therein, filed an affidavit of merits, stating that he verily believed he had a good defense to the suit upon the merits to the whole of the plaintiff's demand, and that his defense was: "There was no consideration for the execution of the note sued upon, and that the defendant was not at the time of the giving of said note indebted to the plaintiff upon any consideration whatever, and that the said promise of the defendant was a mere naked promise, without any good and valuable consideration therefor." Thereafter the plaintiff filed an amended statement of claim, in which he set out that on the day of the date of the note the defendant entered into an agreement with plaintiff, in and by which a certain lawsuit instituted by plaintiff against defendant, and then pending in the superior court of Cook county, was compromised and settled, and that this settlement and compromise formed the basis of the consideration for the note sued on. To this amended statement of claim plain-

tiff in error filed the same affidavit of merits. On motion of defendant in error the affidavit of merits was stricken on the ground of insufficiency. Plaintiff in error elected to stand by his affidavit of merits, and judgment was entered in the sum of $28,125. This judgment was affirmed by the Appellate Court, and the cause comes here by writ of *certiorari.*

Counsel for defendant in error contend that while at common law the affidavit of merits in this case would be sufficient, yet they say that it does not comply with rule 15 of the municipal court, and that the statute authorizing the institution of the municipal court gives that court the power to make rules of practice and to require pleadings different from those required at common law. Rule 15 of the municipal court, so far as it is presented in the arguments, is as follows:

"(*k*) Every allegation of fact in any pleading, except allegations of unliquidated damages, if not denied specifically or by necessary implication in the pleading of the opposite party, shall be taken to be admitted, except as provided by rule 20.

"(*m*) Express admissions and denials must be direct and specific—not argumentative.

"(*p*) It shall not be a sufficient denial to deny generally the grounds for relief alleged in the statement of claim, set-off or counter-claim, but each party must deal specifically with each allegation of fact of which he does not admit the truth; but the court may grant leave, where it may be just, to plead a general denial.

"(*q*) When the claim is for a liquidated sum of money it shall not be sufficient to deny the obligation generally. The defense shall deny such matters of fact from which the obligation is alleged to arise as the party pleading disputes.

"(*r*) When a pleading denies an allegation of fact in an opponent's pleading it must not do so evasively but must answer the point of substance. If an allegation is made

with divers circumstances it shall not be sufficient to deny it along with those circumstances."

Rule 18 requires that an affidavit of merits shall specify the nature of the defense in such a manner as to reasonably inform the plaintiff of the defense that will be interposed on the trial. Rule 23 enumerates the sections of the Practice act applicable to pleadings in the municipal court. This the court has the power to do under section 19 of the Municipal Court act. Section 55 of the Practice act, which specifies the essentials of an affidavit of merits, is not included in the list of sections enumerated in rule 23 but is substantially the same in that regard as rule 18 of the municipal court.

We are at a loss to understand how an affidavit of merits declaring there was no consideration could, without pleading evidence, be made more specific and direct. Defendant in error filed his statement of claim on the promissory note. He does not sue on a note and an agreement. The contract which he sets out in his amended statement of claim, with the note sued on, is not a part of his cause of action. It is merely evidence, under the issue, of want of consideration raised by the affidavit of merits.

Section 9 of chapter 98 (Hurd's Stat. 1921, p. 2159,) provides as follows: "In any action upon a note, bond, bill, or other instrument in writing, for the payment of money or property, or the performance of covenants or conditions, if such instrument was made or entered into without a good and valuable consideration, or, if the consideration upon which it was made or entered into has wholly or in part failed, it shall be lawful for the defendant to plead such want of consideration, or that the consideration has wholly or in part failed; and if it shall appear that such instrument was made or entered into without a good or valuable consideration, or that the consideration has wholly failed, the verdict shall be for the defendant."

It will be seen that this section provides that want of consideration shall constitute a good defense to an action on a promissory note brought by the payee. Plaintiff in error in his affidavit of merits has averred want of consideration in so many words. If the defense had been failure of consideration it might well be seen why the elements of the consideration and what constituted the failure should be set out, but where the defense is no consideration there is no more accurate or complete way of saying that there was no consideration than simply saying so. An affidavit of merits cannot well go into details in setting up want of consideration as a defense to an action on a promissory note, for the reason that there are no details to such an answer. To plead more would necessitate that the defendant plead his evidence, which no rule of pleading requires he shall do. While by paragraphs (*k*) and (*p*) of rule 15 the defendant must specifically deny every allegation of fact in the statement of claim, such facts can be only those essential to a statement of plaintiff's cause of action. The fact that the plaintiff sets out his evidence in his statement of claim does not require that the defendant plead his evidence in answer thereto or deny the evidence of the plaintiff. To hold otherwise would be in the teeth of settled rules of pleading. *Honeyman* v. *Jarvis,* 64 Ill. 366.

Without deciding the question of the power of the municipal court to change the essentials of an affidavit of merits in a case of this kind to require more than the defense laid down in the statute, we are of the opinion that the rules of that court do not, in this instance, require a more specific affidavit of merits than the one filed, and it was error to strike it.

The judgments of the Appellate and municipal courts are reversed and the cause remanded to the municipal court, with directions to overrule the motion to strike.

*Reversed and remanded, with directions.*