## GLOBE INDEMNITY CO. v. McAVOY CO.
### No. 4251.

Circuit Court of Appeals, Seventh Circuit. May 21, 1930.

Rehearing Denied July 3, 1930.

Don Kenneth Jones, of Chicago, Ill., for appellant.

John D. Black, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

The original declaration consisted of a special count and the common counts, with copy of instrument sued on, copy of account sued on, and affidavit of plaintiff's claim attached.

The special count charged that, in an action in the Superior Court of Los Angeles County, Cal., instituted by appellee against Italian American Vineyard Company and others for the specific performance of a contract for the sale of certain wines, and for an injunction restraining the disposition of said wines by the defendants in that action, appellee obtained an order for a temporary injunction conditioned upon the filing of a $50,000 bond; that appellee applied to appellant to execute said bond as its surety, and agreed to reimburse appellant for all loss and expenses which it might sustain or incur in consequence of having executed said bond; that, in consideration of said application and agreement, appellant, on October 14, 1920, executed said bond, conditioned for the payment to the parties enjoined of such damages not exceeding $50,000 as said parties might sustain by reason of said injunction, if said Superior Court should finally decide that appellee was not entitled thereto; that said bond was approved and filed, and said injunction issued and became effective; that thereafter upon the trial of said cause said Superior Court vacated and dissolved said injunction, entered a decree against appellee, and decided that said injunction had been improperly issued and that appellee was not entitled thereto; that appellee appealed to the Supreme Court of California (189 Cal. 394, 208 P. 686), and that the decision of the Superior Court was affirmed and became final; that thereafter Italian American Vineyard Company and Maurice Selig, defendants to said suit of appellee, and parties enjoined therein, instituted suit against appellant upon said injunction bond in said Superior Court; that said cause was removed to the United States District Court for the Southern District of California, and, upon a trial duly had, said District Court entered judgment against appellant for $48,270.20; that appellant incurred expenses amounting to $2,500, and was compelled to pay and satisfy

said judgment; that, by reason of the premises, appellee became obligated to reimburse appellant, but had refused to do so.

The instrument sued on was a written application for the injunction bond containing an agreement of indemnity. It was signed "McAvoy Co. by Adam Ortseifen, Pres.," and was received in evidence at the trial. The copy of account sued on was formal under the common counts. The affidavit of claim was a brief specification of the nature of appellant's demand and of the amount due from appellee after allowing all just credits, deductions, and set-offs.

To the original declaration appellee filed a plea of general issue, a second plea that it did not execute the alleged written agreement sued upon and that said writing was not its writing, undertaking, or agreement, and an affidavit of merits.

The affidavit of merits stated that affiant verily believed that appellee had a good defense to said suit upon the merits to the whole of appellant's demand; that appellee did not execute the instrument in writing sued upon, did not, nor did it authorize any person on its behalf to, institute any suit for the specific performance of a contract, nor did it apply for or obtain an injunction, nor did it apply for or authorize any person on its behalf to apply to appellant to execute an injunction bond, nor did it at any time agree, nor authorize any person to agree on its behalf, as in said declaration alleged.

Two additional counts and an amended affidavit of claim were filed by appellant. The additional counts were similar to the special count of the original declaration, except that the facts were stated with greater particularity and included averments that appellant notified appellee to defend and save appellant harmless from the action upon the injunction bond, and tendered to appellee the disposition of the judgment entered in that action. The first additional count set out the order of the Superior Court granting the injunction, the application for the bond, the bond itself, and the injunction. The second additional count pleaded said documents in legal effect and added allegations that the complaint in the suit for injunction was verified by appellee's attorneys and secretary; that representatives of appellee attended the trial of said suit and testified; and that appellee applied for and obtained from appellant the appeal bond upon the appeal to the Supreme Court of California from the decree dissolving the injunction.

The amended affidavit of claim set out in specific detail the facts upon which appellant's demand was based corresponding to the specific averments of the additional counts; stated that appellant satisfied the judgment entered against it in the suit on the injunction bond by payment of $44,002.20 on June 5, 1925, that appellant incurred expenses aggregating $2,007.87, and that there was due to appellant from appellee after allowing all just credits, deductions, and set-offs, the sum of $46,010.07, with accruing interest from June 5, 1925.

To said additional counts appellee filed a plea of general issue, a second plea to which special demurrer was sustained, a third plea that it did not execute the alleged written agreements charged to have been executed by it, and that said written agreements were not its writing, undertaking, or agreement, and an affidavit of merits.

The affidavit of merits stated that affiant verily believed that appellee had a good defense to said suit upon the merits to the whole of appellant's demand; that appellee did not execute the instrument in writing sued upon, did not, nor did it authorize any person on its behalf to, institute any suit for specific performance of a contract, nor did it apply for or obtain an injunction, nor did it obtain or authorize any person on its behalf to execute an injunction bond as in the additional counts alleged.

Appellant contends that appellee's affidavits of merits were not sufficient to enable appellee to contest the execution and the validity of the instrument sued upon; that the affidavits did not deny that Ortseifen was appellee's president, nor that he executed the application, nor did it admit those facts and specify by fact averment what appellee relied on to avoid his act. In this view we cannot concur. The affidavits state specifically that appellee never authorized any one to apply for or execute an injunction bond or to agree in its behalf as alleged in the declaration, and of course this includes Ortseifen, its president. It is quite unnecessary to go into details in pleading a non est factum. Matthiessen v. Duntley, 307 Ill. 36, 138 N. E. 178. The affidavits were sufficiently specific to meet the requirements of Illinois Revised Statutes 1929, c. 110, par. 55, as interpreted in the cases of Reddig v. Looney, 208 Ill. App. 413, and Harrison v. Rosehill Cemetery Co., 291 Ill. 416, 126 N. E. 177; and they were sufficient to put in issue the execution

of the instrument sued on and the authority of Ortseifen as president to execute it.

A great deal of evidence was introduced in support and in denial of the issues raised. It is not controverted that from 1920 to 1925, inclusive, appellee had three corporate officers: Adam Ortseifen, president, H. J. Bellamy, vice president and treasurer, and J. A. C. Fenton, secretary, and each was a director. It is also true that the instrument sued upon was executed in the name of appellee, by Ortseifen as president of appellee; that the injunction bond for $50,000 was executed by appellee as principal and appellant as surety, in response and pursuant to the application; that it was filed and used in the California court for the purpose of securing an injunction in a case wherein appellee was plaintiff and Italian American Vineyard Company et al. were defendants; that by reason thereof the injunction was issued by that court against those defendants; that appellee was unsuccessful in the cause in which the bond was filed and used in a trial upon the merits; that thereafter the Italian American Vineyard Company subsequently recovered a judgment against appellee on the bond, and that, by reason thereof, appellant has suffered damage in a large sum, the amount of which is not denied by appellee.

On the other hand, it is appellee's contention that it had no knowledge of the suit in the California court, and had never authorized its filing nor its prosecution, but that it was instituted for the personal benefit and interest of Ortseifen and others, that appellee had never authorized the application for nor the issuance of the bond which is in controversy, and that Ortseifen, in signing appellee's name to the application for the bond, acted wholly without appellee's knowledge and without authority from appellee, and that appellant, at the time of the execution of the application and the bond, knew, or by the exercise of ordinary diligence could have known, that the bond was not for appellee, but was for the benefit and use of Ortseifen and others.

We think the lower court properly advised the jury as to the law when it said, in effect, that Ortseifen as president was acting within the apparent scope of his authority when he executed the application for the bond; and that, unless appellant at the time of the execution of the application and issuing of the bond knew, or by the exercise of ordinary diligence could have known, that Ortseifen was practicing a fraud upon appellee, and that the bond in fact was being applied for without the knowledge or consent of appellee, and for the private use of Ortseifen and his associates, then appellant was entitled to recover. This proposition is not controverted, and it is unnecessary to cite authority supporting it.

■ It is quite evident that the jury believed appellant was fully aware of the fraud, or would have been so advised if it had exercised ordinary diligence. To assail this verdict, appellant has assigned numerous errors, which we regard as serious, in the introduction and rejection of testimony. For instance, it was appellee's contention that Ortseifen acted without the scope of his authority as president of appellee when he executed the application for the bond, and in support of this contention appellee introduced in evidence, over the objection of appellant, a by-law of appellee to the effect that all obligations and documents, except bills of exchange and drafts, signed by the president, shall not be valid unless approved by the secretary and the treasurer. It cannot be seriously contended that this by-law is effective as against appellant, and the court in its instructions so told the jury in the following language: "Now I am excluding for the moment, and I think permanently, the question of the by-laws. It is the law of the State of Illinois, which is followed in this court, that the by-laws are more or less private property of the corporation, and even if the by-laws here said that Ortseifen could not sign that bond, it makes no difference."

Later the court permitted this by-law to go to the jury. This we think was quite prejudicial to appellant. In view of the fact that the court instructed the jury that it was excluding for the moment, and it thought permanently, the question of the by-laws, we think the jury was warranted in concluding that the court had changed its mind when the by-law was sent to the jury room during its deliberations. Of course we do not say that the jury came to such conclusion—this fact cannot be known—but the uncertainty of it renders the error material, and we cannot avoid the conclusion that it is prejudicial.

■■ The witness Shaw, who has been a director of appellee corporation continuously since 1904, and who, with his associates, has been general counsel and attorney for appellee during all of that time, was permitted to testify, over appellant's objection, that Ortseifen told Shaw that "he never mentioned anything about a contract which he proposed to enter into with the Italian Amer-

ican Vineyard Company with respect to the purchase of some wines in California until after suit had been started against the company when I went to him about it. He then said something as to whether it was a company contract or a personal contract. * * * He said it was a personal matter which he expected to take care of; he said the institution of this lawsuit and such liability, if any, as might be incurred, if any was incurred by the company, was a personal matter and he had signed the company's name."

Ortseifen was not called as a witness by either side. Whether there was good reason for not doing so is not shown, nor is it material, for in either event it would clearly be a violation of the rule against hearsay evidence, with no opportunity to appellant of cross-examination; and it was incompetent for the further reason that the statement was not made in the presence of appellant, and hence could not bind it. We fully agree with the principle of law as laid down in Green v. Jennings, 184 Ill. App. 340, that evidence as to the improbability of execution of a document is competent and highly important, but this principle presupposes the fact that such evidence must be competent. We think this ruling was erroneous and quite prejudicial to appellant.

▌ Evidence was introduced to the effect that Attorney John Miller, of Los Ángeles, was participating, in some one's behalf, in the controversy and litigation arising out of the transaction in California. Appellant insisted that Miller was not employed nor paid by it, but that he was in the employ of appellee. This appellee vigorously denied, and was permitted to prove by its treasurer that appellee had never paid Miller anything for his services. Appellant also offered to prove by the witness Craig that it had never paid any fee to Miller for services rendered as attorney in defense of the action in California brought by the Italian American Vineyard Company against appellant, and the court refused to receive the evidence. If the evidence introduced by appellee on this subject was competent, and we think it was, we can see no reason why appellant was not accorded the same privilege. In this we think there was error.

Appellant has assigned many other errors in the admission and rejection of testimony which may be of doubtful relevancy and competency, but we are inclined to think that appellant was not materially damaged thereby. Inasmuch as the cause must be reversed for the errors above referred to, it is not deemed necessary to discuss further the other assignments of error relating to the evidence.

Judgment reversed, and cause remanded for a retrial.