Frank RODRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 50721.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

Thomas Rocha, Jr., San Antonio, for appellant.

James A. Mashburn, Dist. Atty., Jack K. Wall, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is delivery of heroin; the punishment, enhanced by V.T.C.A., Penal Code, Sec. 12.42(d), life.

■ By ground of error one appellant contends that his court appointed counsel Bearden had a conflict of interest because he was representing a possible witness in the instant case in a workmen's compensation claim. The appellant was represented by two court appointed attorneys.

The State's undercover narcotics officer Howard testified that he, in company with Elmer Don Culp and Felix Hernandez, met the appellant and made arrangements to buy heroin. Later in the day Culp accompanied Howard to appellant's house and remained in the automobile while Howard went into the appellant's home and bought the heroin. It was developed that attorney Bearden became Culp's civil lawyer some two days after Bearden was appointed to aid in the representation of the appellant. Culp was not subpoenaed or called as a witness. Appellant did not testify or assert a defensive theory. We are at a loss to conclude that there could have been any conflict of interest on the part of attorney Bearden, nor do we see how the testimony of Culp could have aided the defense had he been called.

This case is distinguishable on the facts from the cases relied upon by appellant. In *Castillo v. Estelle,* 504 F.2d 1243 (5th Cir. 1974), the court appointed defense attorney also represented a principal witness for the prosecution in an unrelated civil matter. *Porter v. United States,* 298 F.2d 461 (5th Cir. 1962), involved representation of a police officer in an investigation for illegal narcotic activities. The defensive issue raised was entrapment, and this officer's testimony would have been material to the defense had he testified. *Randazzo v. United States,* 339 F.2d 79 (5th Cir. 1964), concerned the representation by one attorney of two co-defendants with adverse interests.

■ By ground of error two appellant contends that the court erred in declining to permit him to discharge his appointed counsel and employ one of his own choice. There is no showing that appellant was able to employ an attorney, or whom he planned to retain. This motion was first made at 1:30 p. m. on the day the case was set for trial. It has long been the rule as quoted in *Estrada v. State,* Tex.Cr.App., 406 S.W.2d 448:

"An accused's right to select his own counsel, however, cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *United States v. Bentvena,* 2 Cir., 319 F.2d 916, 936."

See *Smith v. State,* Tex.Cr.App., 493 S.W.2d 154; *Rogers v. State,* Tex.Cr.App., 488 S.W.2d 833; *Miller v. State,* Tex.Cr. App., 479 S.W.2d 670; *Robinson v. State,* Tex.Cr.App., 458 S.W.2d 75; *Herring v. Estelle,* 41 F.2d 125. See also *Viges v. State,* Tex.Cr.App., 508 S.W.2d 76; *Melton v. State,* Tex.Cr.App., 508 S.W.2d 104.

■ Appellant's third ground of error is multifarious in combining two separate complaints and is not in compliance with Article 40.09, Sec. 9, V.A.C.C.P. Nothing is presented for review. *Stein v. State,* Tex. Cr.App., 514 S.W.2d 927; *Thompson v. State,* Tex.Cr.App., 510 S.W.2d 949.

■ Ground of error four relates to argument. During his argument defense counsel anticipated that the prosecutor might ask, "Why didn't Bearden bring Culp? He is one of his clients." It therefore was not error for the prosecutor to argue, "Why didn't Mr. Bearden call his client?" in reference to Culp. We further find no objection; hence, nothing is presented for review. *Jackson v. State,* Tex.Cr.App., 516 S.W.2d 167; *Boykin v. State,* Tex.Cr.App., 516 S.W.2d 946.

■ Ground of error five contends that the court erred in denying his oral motion for continuance made during the course of the trial so that he might secure the testimony of Felix Hernandez. There is no showing by affidavit or otherwise made at the hearing on the motion for new trial as to what Hernandez' testimony would have been. No error is shown. *Allen v. State,* Tex.Cr.App., 505 S.W.2d 923; Articles 29.03, 29.06, 29.08, V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.