Lee Roy THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53153.

Court of Criminal Appeals of Texas.

April 20, 1977.

Rehearing Denied May 18, 1977.

Allen C. Isbell, Houston (Court appointed), for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Jack D. Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of aggravated robbery. Punishment was assessed by the jury at 99 years.

The record reflects that on January 30, 1975 appellant was indicted for aggravated robbery allegedly committed on December 26, 1974 in Harris County. On February 10, 1975 Hon. Ronald Bartlett was appointed by the court as appellant's attorney in response to appellant's sworn plea of indigency. On the same date Ronald Bartlett entered his appearance as appellant's attorney pursuant to his appointment by the trial court. On July 10, 1975 appellant's court-appointed attorney filed a motion to suppress evidence seized as a result of a warrantless search of appellant's apartment and requested a hearing on the motion. On July 14, 1975 a hearing was begun on appellant's motion to suppress; however, at the State's request the contentions in said motion were carried forward to be decided when the evidence was offered. A jury was impaneled and sworn for the trial on the same day.

When appellant appeared for trial on July 15, 1975 he advised the court that he did not want to be represented by Mr. Bartlett "because he ain't standing up to what I want him to stand up to." Appellant complained several of his constitutional rights had been violated and that his counsel's failure to bring the violations to the court's attention amounted to ineffective assistance of counsel. After a lengthy discussion in the absence of the jury between the court and appellant concerning the latter's right to have an attorney, the court advised appellant that it is complicated for any

defendant to represent himself without benefit of legal counsel but that appellant could do so if he desired, and the following occurred:

"THE COURT: . . . You can conduct it yourself, if this is your desire.

"THE DEFENDANT THOMAS: My desire, I don't want him as my lawyer period.

"THE COURT: You don't want him to have anything to do with your case period?

"THE DEFENDANT THOMAS: I can't represent myself either. I don't know all that much about law. All I am saying, you can appoint another lawyer., whatever you want to do. I just don't want him to represent me at this time.

"THE COURT: Well, of course, this is the problem that faces the Court almost daily, is the fact that you don't want him to represent you and yet you don't have representation yourself and yet you insist that you want representation, which is a complete conflict. The Court has no way to do both. I have no alternative. I can't say that you can't have a lawyer, and on the other hand, I can't say that you have to have a lawyer. You are the only one that can make that choice.

\* \* \* \* \* \*

"THE DEFENDANT THOMAS: I just don't want him representing me, because he just ain't doing what I ask him to do.

"THE COURT: You don't want him to represent you?

"THE DEFENDANT THOMAS: No. I don't.

"THE COURT: All right. The Court is going to ask him to remain and be available to you if you want him. If you don't want to use him, then you don't have to.

"THE DEFENDANT THOMAS: I don't want him period. I don't want him representing me or asked to sit beside me period.

"THE COURT: All right, have your seat.

"MR. BARTLETT: Could I clarify the Court's order on that, so I am to know what I am to do?

"THE COURT: Yes, sir. The Defendant has the exclusive right to appear without counsel, to refuse to use counsel. He has the right to conduct his own trial. He said he doesn't want you to participate in the trial. And so the Court's order is that you will remain available to him in the event that there are complications that arise that you will be in a position to help him.

"MR. BARTLETT: Okay, sir.

"THE COURT: But you are not to project yourself into the trial in any manner, including the making of objections.

"THE DEFENDANT THOMAS: I want me a lawyer, but I don't want him to represent me. I want you to appoint me another one."

Following the court's ruling, the prosecutor requested the jury be advised that appellant was going to represent himself, so that it would not appear to the jury that appellant was not getting a "fair shake." The following discussion then took place:

"THE COURT: I think the jury should be advised.

"You have no objection, do you, Mr. Thomas to the Court's advising the jury that it is your desire to no longer proceed with Mr. Bartlett as your attorney, so that they will understand that you are handling your own case?

"THE DEFENDANT THOMAS: By the constitutional rights of the Court of America, I am supposed to have a lawyer, at all times, if we are going to the jury trial, which I can't represent myself in no court, because I don't know the law that good. But I do know I am supposed to have a lawyer present. And I don't want him present in my case. And I want another lawyer. That's what I am telling you. That's the only way I know to tell you I want another lawyer.

"THE COURT: All right, bring the Jury out."

The court then advised the jury that appellant had decided to represent himself, and thereafter the trial of appellant and his two co-defendants, both of whom were represented by employed counsel, proceeded.

The following day appellant filed a motion for mistrial and dismissal of attorney of record. The motion cited counsel's failure to pursue appellant's claim of deprivation of constitutional rights. Among other things, the motion alleged that counsel had not interviewed appellant so as to prepare a defense. The motion reiterated that appellant did not wish to represent himself but desired the appointment of other counsel. There is nothing in the record to indicate that the court investigated appellant's allegations before they were overruled. The record does reflect that thereafter appellant did not participate actively in the trial. He voiced no objections to evidence or to the court's charge, cross-examined no witness, called no witness of his own, and did not make a closing argument to the jury. Throughout the trial appellant stated to the court that he was not representing himself and that he wanted another lawyer appointed to represent him. Appellant did testify in his own behalf at the punishment hearing. Appellant's appointed attorney, in obedience to the court's instructions, did not participate in the trial in any manner other than to be in attendance.

Counsel appointed, after conviction, for the appeal contends "the trial court erred in not requiring appellant's appointed counsel to participate actively in the trial when the court knew that appellant had no other counsel and that he was not representing himself."

■ The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The Due Process Clause of the Fourteenth Amendment guarantees the same right to the assistance of counsel, including the right to the appointment of counsel in the case of the indigent defendant, in state criminal prosecutions. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Ex parte Herrin,* Tex.Cr.App., 537 S.W.2d 33; *Lewis v. State,* Tex.Cr.App., 501 S.W.2d 88.

Fundamental to the right to counsel cases is the recognition that the assistance of an attorney is essential to assure a fair trial. Thus, in *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the Supreme Court observed:

"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. . . . He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him."

■ Since it is unlikely that an accused will be able to present his case effectively without the assistance of counsel, a conviction of an indigent defendant cannot be allowed to stand where the accused is not represented at trial by counsel unless it be determined that there was an intelligent and competent waiver by the accused. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Webb v. State,* 533 S.W.2d 780; *Smith v. State,* 513 S.W.2d 586. To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Parker v. State,* Tex.Cr.App., 545 S.W.2d 151. The standard to determine waiver of the right to counsel was articulated in *Faretta v. California, supra.* The record must show the defendant is competent to waive the right to counsel and that he knowingly and intelligently has done so after being made aware of the advantages and disadvantages of self-representation. *Id.,* 422 U.S. at 835, 95 S.Ct. 2525; *Ex parte Herrin, supra; Ex parte Ross,* Tex.Cr.App., 522 S.W.2d 214; *Parker v. State, supra.*

The critical issue in the instant case is whether appellant's refusal to accept the representation of his court appointed attorney constituted a waiver of his right to the assistance of counsel.

The record reflects that appellant advised the court orally and by written motion that he was indigent and:

1. He was not being effectually represented by counsel;
2. He wanted appointed counsel discharged;
3. He wanted another attorney appointed to represent him;
4. He did not know the law and did not want to represent himself.

Throughout the trial appellant, without equivocation, continued to assert that he was not representing himself and that he wanted another attorney appointed to represent him. Neither appellant nor the attorney initially appointed to represent him participated actively in the trial.

██ Under these circumstances we hold that a request for appointment of different counsel, coupled with an affirmative denial of self-representation, is not a waiver of the Sixth Amendment right to the assistance of counsel. We further hold that, absent a waiver, effective representation must be afforded the indigent defendant regardless of whether it is requested by him. See *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1952); *Ex parte Auten,* Tex.Cr.App., 458 S.W.2d 466.

██ No waiver having been made here, the trial court should have ordered counsel to render the fullest possible legal representation under the circumstances with or without the cooperation of defendant, bearing in mind, as the Supreme Court noted in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), that the attorney who represents a criminal defendant is "bound by professional duty to present all available evidence and arguments in support of [the client's] positions and to contest with vigor all adverse evidence and views." The court committed reversible error, therefore, in ordering appellant's counsel "not to project yourself into the trial in any manner, including the making of objections."

██ Nothing said here should be construed to grant a defendant the right to appointed counsel of his choice. The accused's right to select his own counsel cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Parker v. State, supra; Rodriquez v. State,* Tex.Cr.App., 530 S.W.2d 944; *White v. State,* Tex.Cr.App., 496 S.W.2d 642. The defendant must accept counsel assigned by the court unless he effectively waives right to counsel in order to represent himself, see *Faretta v. California, supra,* or can show adequate cause for appointment of a different attorney. See *Gonzales v. State,* Tex.Cr.App., 532 S.W.2d 343; *Rogers v. State,* Tex.Cr.App., 488 S.W.2d 833; *Viges v. State,* Tex.Cr.App., 508 S.W.2d 76.

In light of the disposition of this case, appellant's other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ONION, Presiding Judge, dissenting.

The indictment was returned on January 30, 1975, and counsel was appointed for the appellant on February 10, 1975. Over five months later a hearing on appointed counsel's motion to suppress began on July 14, 1975. This was aborted at the State's suggestion the matter be decided when evidence was offered at the trial on the merits. On the same date a jury was impaneled.

The next day when appellant appeared for trial with his two co-defendants he, for the first time, complained he didn't want to be represented by his appointed counsel of some five months. The colloquy between the court and the appellant is set out in the majority opinion and need not be repeated. Suddenly the appellant decided after the jury was in the box he didn't want appointed counsel to have anything to do with his case, and yet he pleaded that he knew nothing about the law and told the court, ". . . all I am saying, you can appoint another lawyer, whatever you want to do. I just don't want him to represent me at this time."

At the point at which this matter was urged for the first time by the appellant, the appointment of other counsel would undoubtedly have caused a postponement for at least a ten day preparation period, see Article 26.04, Vernon's Ann.C.C.P., and a severance from the trial with his co-defendants, in absence of a waiver of the ten day preparation period. This may have been the exact result appellant sought by his actions.

The trial court tried repeatedly to explain to the appellant the situation involved, but the appellant insisted he didn't want his appointed counsel representing him under any circumstances. The trial court's remarks may have been inarticulate, but obviously the court was attempting to explain to the appellant at that point in the trial appellant would have to proceed with appointed counsel or represent himself. He ordered appointed counsel to remain available to the appellant during the trial, but ordered him not to participate in the trial until requested in view of appellant's continued protestations that he didn't want his appointed counsel as his lawyer "period."

This court has repeatedly said that an accused's right to retained or appointed counsel cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Parker v. State*, 545 S.W.2d 151 (Tex.Cr.App.1977); *Rodriquez v. State*, 530 S.W.2d 944 (Tex.Cr.App. 1975); *White v. State*, 496 S.W.2d 642 (Tex. Cr.App.1973).

In my opinion that is exactly what this appellant attempted to do. While it may have been better practice, in view of hindsight, for the trial judge to have clearly presented the appellant the option of having appointed counsel remain in control of the case or have the appellant expressly waive counsel and agree to represent himself in view of the delay necessarily involved in appointment of other counsel, I cannot conclude that reversible error is presented. The trial court honored appellant's persistent demands that appellant's appointed counsel not have anything to do with the case, but ordered him to remain available to appellant during the trial. When the totality of the circumstances is considered, it appears that appellant affirmatively waived his right to counsel.

If today's majority opinion becomes a part of the case or decisional law of this State, I can well imagine what the future actions of some defendants will be. The right to counsel is a valuable constitutional right, both state and federal, but it must not be manipulated in such manner as to defeat the orderly process of justice.

I dissent.

ODOM, J., joins this dissent.