TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00275-CR







Kenneth Terrell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0981127, HONORABLE TOM BLACKWELL, JUDGE PRESIDING








 After the jury found appellant guilty of sexual assault of a child, Tex. Penal Code
Ann. § 22.011 (West Supp. 1999), the trial court assessed punishment, enhanced by two prior
felony convictions, at confinement for fifty years. Appellant asserts two points of error,
contending that the trial court erred by: (1) denying appellant the right to represent himself; and
(2) admitting the testimony of an expert witness over appellant's objection. We will overrule
appellant's points of error.

 The Sixth Amendment grants an accused the right of self-representation. See
Farreta v. California, 422 U.S. 806, 819 (1975). After being made aware of the "dangers and
disadvantages of self-representation," an accused may choose to represent himself if he does so
knowingly and intelligently. Id. at 835. It is incumbent upon an accused to clearly and
unequivocally inform the trial court of his desire to prosecute his appeal without the aid of
counsel. See Webb v. State, 533 S.W.2d 780, 786 (Tex. Crim. App. 1976). However, an accused
cannot request self-representation to obstruct the "orderly procedure in the courts or to interfere
with the fair administration of justice." See Blankenship v. State, 673 S.W.2d 578, 585 (Tex.
Crim. App. 1984). A trial court may properly deny a request for self-representation if the record
indicates that the request was made for delay or that the request would have resulted in delay. See
Thomas v. State, 550 S.W.2d. 64, 68-69 (Tex. Crim. App. 1977).

 After hearing a number of pre-trial motions in this cause on the date set for trial,
the court asked defense counsel if appellant had filed an election to have the jury assess
punishment. Defense counsel advised the court that his client was "somewhat difficult to get along
with," and that counsel needed a moment to discuss this matter with appellant.

 Following arraignment on the primary offense, the trial court twice reviewed the
consequences of findings of true to the averments in the indictment that appellant had two prior
convictions. Appellant twice gave unresponsive answers to the court's questions about his
understanding of such consequences despite his counsel's efforts to get him to answer the
questions.

 Defense counsel then advised the trial court that appellant wanted to invoke his right
to represent himself "at this time." The trial court denied the request, stating: "[Y]ou've been
with this court since -- these offenses occurred in 1977, and you've been represented by an
attorney through three different indictments and he's filed numerous motions, too, on your
behalf." Appellant stated that he had filed "some motions." The trial court responded, "[h]e's
going to represent you. You don't have a constitutional right the day the case is called for trial
after being on the docket six months to say now I want to represent myself." After appellant
stated that he had not "gotten any where," the trial court said "[W]e're going to get somewhere
today, we're going to pick a jury." Appellant replied, "Okay. I filed a motion and the judge
wouldn't let me--I thought Judge Wisser was my judge."

 The right to self-representation must be clearly and unequivocally asserted. No
written motion was filed for self-representation and the only request made was defense counsel's
assertion that appellant wanted to invoke such right. When the trial court denied the request,
appellant stated "Okay--I thought Judge Wisser was my judge." We find it difficult to
characterize the foregoing colloquy between the trial court, defense counsel and appellant as a
clear and unequivocal request for self-representation.

 Prior to defense counsel having advised the trial court of appellant's desire to
represent himself, defense counsel had advised the trial court that appellant was "somewhat
difficult to get along with." Defense counsel's representation appears to be supported by
appellant's failure to be responsive to certain questions by the trial court despite his counsel's
advice to answer the questions. While the trial court made no explicit findings, its statements
following the only mention of self-representation reflect an implicit finding that the request was
for delay. We find sufficient circumstances to support such an implicit finding by the trial court. 
Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the trial court abused its
discretion in allowing an expert witness to testify because the State did not provide appellant with
adequate notice of its intent to introduce such testimony. Appellant objected to Dr. William Carter
testifying because the State did not notify defense counsel until the night before Dr. Carter was
called as a witness. After the trial court granted defense counsel a thirty minute recess to confer
with Dr. Carter, defense counsel stated:  "Your honor has generously given me an opportunity
to discuss the case with the doctor, -- and I feel that I've discussed things enough that I don't
really see that any further discussion would be of any benefit." 

 It appears that Dr. Clark was called to testify the night before he was to appear
because of the inability of the State's originally designated expert to appear. The trial court
limited Dr. Clark's testimony to rebuttal after the defense had presented its case.

 Appellant does not cite any authority, statutory or case law, to support his claims. 
See Tex. R. App. P. 38.1(h). Defense counsel assured the trial court that it had offered him all
the time he needed to confer with Dr. Clark about his testimony. We perceive no error.

 In a multifarious point of error, appellant urges that the expert's testimony
improperly bolstered the victim's testimony. Dr. Carter, a child psychologist who specialized in
the field of sexually abused children, testified as to the reasons why minor sexual victims delay
making an outcry. Appellant only makes a general complaint without identifying where in the
record Dr. Clark bolstered the victim's testimony. Nor does appellant make a clear and concise
argument to support his contentions. See id. Moreover, we hold that error, if any, was harmless
beyond a reasonable doubt. See Tex. R. App. P. 44.2. Appellant's second point of error is
overruled.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Yeakel and Davis*

Affirmed

Filed: March 11, 1999

Do Not Publish





















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 find it difficult to
characterize the foregoing colloquy between the trial court, defense counsel and appellant as a
clear and unequivocal request for self-representation.

 Prior to defense counsel having advised the trial court of appellant's desire to
represent himself, defense counsel had advised the trial court that appellant was "somewhat
difficult to get along with." Defense counsel's representation appears to be supported by
appellant's failure to be responsive to certain questions by the trial court despite his counsel's
advice to answer the questions. While the trial court made no explicit findings, its statements
following the only mention of self-representation reflect an implicit finding that the request was
for delay. We find sufficient circumstances to support such an implicit finding by the trial court. 
Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the trial court abused its
discretion in allowing an expert witness to testify because the State did not provide appellant with
adequate notice of its intent to introduce such testimony. Appellant objected to Dr. William Carter
testifying because the State did not notify defense counsel until the night before Dr. Carter was
called as a witness. After the trial court granted defense counsel a thirty minute recess to confer
with Dr. Carter, defense counsel stated:  "Your honor has generously given me an opportunity
to discuss the case with the doctor, -- and I feel that I've discussed things enough that I don't
really see that any further discussion would be of any benefit." 

 It appears that Dr. Clark was called to testify the night before he was to appear
because of the inability of the State's originally designated expert to appear. The trial court
limited Dr. Clark's testimony to rebuttal after the defense had presented its case.

 Appellant does not cite any authority, statutory or case law, to support his claims. 
See Tex. R. App. P. 38.1(h). Defense counsel assured the trial court that it had offered him all
the time he needed to confer with Dr. Clark about his testimony. We perceive no error.

 In a multifarious point of error, appellant urges that the expert's testimony
improperly bolstered the victim's testimony. Dr. Carter, a child psychologist who specialized in
the field of sexually abused children, testified as to the reasons why minor sexual victims delay
making an outcry. Appellant only makes a general complaint without identifying where in the
record Dr. Clark bolstered the victim's testimony. Nor does appellant make a clear and concise
argument to support his contentions. See id. Moreover, we hold that error, if any, was harmless
beyond a reasonable doubt. See Tex. R. App. P. 44.2. Appellant's second point of error is
overruled.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Yeakel and Davis*

Affirmed

Filed: March 11, 1999

Do Not Publish