NO. 07-06-0245-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 6, 2007

_____

STEVIE PRESTON DEAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,792-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Stevie Preston Dean, was convicted by a jury of evading arrest by using a vehicle. Having been previously convicted of the offense of evading arrest, the offense was a third degree felony. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (Vernon 2003). Appellant pled true to the enhancement paragraphs and punishment was assessed at ten

years confinement and a $10,000 fine.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified Appellant of his right to review the record and file a pro se response if he desired to do so.  The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief.  Appellant did not file a response.  Neither did the State favor us with a brief.

On February 8, 2006, at approximately 4:00 a.m., Officer Scott Chapel was assigned to watch certain houses for possible narcotics and prostitution activity.  He was accompanied by Officer Kevin Brown, who was in training.  Both officers testified that they observed a vehicle driven by Appellant leave the area without turning on the headlights of his car.  Chapel and Brown were in a marked patrol car that night and followed Appellant

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

to initiate a stop for driving without his headlights being on at night. *See* Tex. Transp. Code Ann. § 547.302(a)(1) (Vernon 1999).

Officer Chapel testified that when he activated the overhead lights of his patrol car, Appellant accelerated. Appellant fled and disregarded several traffic signs and also made numerous turns. Officer Chapel also activated the spot light and siren of his patrol car. Appellant eventually came to a stop, exited his car with his hands up, and was cooperative.

By the *Anders* brief, counsel presents four arguable grounds, to-wit: (1) the trial court erred in denying Appellant's request to replace his court-appointed attorney; (2) the evidence was legally and factually insufficient to support Appellant's conviction; (3) the trial court erred in admitting hearsay evidence over Appellant's objection; and (4) trial counsel rendered ineffective assistance. Counsel then reviews why no reversible error is presented by these arguable grounds.

An indigent defendant does not have the right to choose his own appointed counsel. Unless he waives his right to counsel and elects to proceed pro se, or otherwise shows adequate reason for the appointment of new counsel, he is not entitled to discharge his counsel but must accept the counsel appointed by the trial court. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex.Crim.App. 1977). Additionally, adequate reason for the discharge of counsel and appointment of new counsel rests within the sound discretion of the trial court. *Carroll v. State*, 176 S.W.3d 249, 255 (Tex.App.–Houston [1st Dist.] 2004, pet. ref'd). We agree with counsel that no reversible error is presented.

3

Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *McKinney v. State*, 207 S.W.3d 366, 374 (Tex.Crim.App. 2006). When conducting a factual sufficiency review, we examine all the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006).

The evidence presented proved that Appellant intentionally fled from a person he knew to be a peace officer who was attempting to lawfully arrest or detain him, and that he used a vehicle while in flight. Furthermore, the evidence presented established that he had previously been convicted of the offense of evading arrest or detention. *See* § 38.04(b)(2)(A). *See Calton v. State*, 176 S.W.3d 231, 234 (Tex.Crim.App. 2005). We agree with counsel's evaluation that the evidence is sufficient to support Appellant's conviction.

During Officer Brown's testimony, he was asked why he and Chapel were in the neighborhood and he responded they had numerous sources of information, to which defense counsel objected on the grounds of hearsay. The objection was overruled. The standard of review for a trial court's evidentiary ruling is abuse of discretion. *Sauceda v.*

*State*, 129 S.W.3d 116, 120 (Tex.Crim.App. 2004). We agree with counsel that no reversible error is presented by the trial court's ruling.

A claim of ineffectiveness is reviewed under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005). Trial counsel conducted effective cross-examination of the State's witnesses and also lodged objections to their testimony. We agree with counsel that the record before us does not demonstrate that Appellant was denied effective representation.

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.[2]

Patrick A. Pirtle
Justice

Do not publish.

---

[2]In granting counsel's motion to withdraw, however, we remind counsel of the "educational" duty to inform Appellant of this Court's decision and of his right to file a  pro se petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).