Opinion filed March 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed March 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00089-CR 

                                                     __________

 

                          STEVE
ALBERT CARL DARNELL, Appellant

 

                                                             V.

 

                                     
STATE OF TEXAS, Appellee

 



 

                                                 On
Appeal from 35th District Court

 

                                                            Brown
County, Texas

 

                                                   Trial
Court Cause No. CR18673

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

Steve
Albert Carl Darnell was convicted of delivery of methamphetamine in the amount
of more than one gram but less than four grams enhanced by two prior felonies. 
The trial court sentenced him to sixty years confinement.  We affirm.

Background
Facts








Before
trial, appellant wrote a letter to the trial court asking for the court to
appoint him a different attorney.  In the letter, appellant stated that he has
had a history of mental illness, that he had been on several different
psychiatric medications since 1989, and that he had been under psychiatric care
on and off since 1981.  He also stated that his attorney told him that going to
the state hospital for evaluation was out of the question even though he had
psychiatrists tell him that he has had a mental illness for over twenty-five
years.  The trial court held a pretrial hearing to address the issues appellant
raised in his letter.  At the hearing, appellant stated that he did not believe
that his attorney had his best interest at heart.  He stated that his attorney
had filed only one motion and would not even mention appellant=s mental illness.  The
trial court asked what mental illness appellant had.   Appellant stated that he
had been diagnosed with borderline schizophrenia, extreme anxiety and
manic-depressive disorder. Appellant stated that he was diagnosed by the Texas
Department of Corrections and the Home for Troubled Children.  Appellant=s attorney responded that
the first time he heard about any of appellant=s
mental problems was in the letter to the court.  He further stated that
appellant was able to communicate with him about the case and that he did not
believe that a psychiatric exam was warranted in this case.  Appellant
responded to his attorney=s
comments as follows:

THE
DEFENDANT:  I know he told you.  That=s
one reason I don=t
want him because he will sit right there and lie to you.  I do not want him
representing me.  I brought this up to him twice.  And he told me he didn=t want to discuss things on
the phone, but he won=t
come see me, so I have to talk to him on the phone.  

 

[DEFENSE
COUNSEL]:  I=m going
to interrupt at this point.  That is a flat lie.  I have been in contact with
[appellant] repeatedly, both on the telephone and in person.  

 

So
any other representations that I=m
not communicating with him, I don=t
know any other way to say it except that is a lie.

 

Appellant asked
the trial court for more time to hire his own attorney or to appoint him
another attorney.  The trial court stated that there was not a justifiable
reason to remove appellant=s
attorney and appoint him another one.   The trial court further stated that, based
on the evidence before it,  there was no reason to have appellant evaluated by
a psychiatrist.

 Issues
on Appeal 








Appellant
asserts that there was evidence to suggest that he was incompetent to stand
trial because of his current mental illness and past diagnosed mental illness. 
Therefore, appellant contends that the trial court was required to order a
psychiatric examination.  Appellant also asserts that the trial court erred in
not appointing him another attorney because appellant and his attorney called
each other liars on the record. 

Competency
to Stand Trial








We
review a trial court=s
decision not to conduct a competency inquiry for an abuse of discretion.  Moore
v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999).  A person is presumed
competent to stand trial and will be deemed competent to stand trial unless
proved to be incompetent by a preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006).  A defendant
is incompetent to stand trial if he does not have (1) sufficient present
ability to consult with his lawyer with a reasonable degree of rational
understanding or (2) a rational as well as factual understanding of the
proceedings against him. Tex. Code Crim.
Proc. Ann. art. 46B.003(a)
(Vernon 2006).  Either party or the trial court may suggest that a defendant is
incompetent.  If evidence suggesting that the defendant is incompetent to stand
trial comes to the attention of the trial court, it shall conduct an informal
inquiry into whether there is some evidence that would support a finding that
the defendant is incompetent to stand trial.  Tex.
Code Crim. Proc. Ann. art. 46B.004 (Vernon 2006).  The evidence must
raise a bona fide doubt in the trial court=s
mind as to the defendant=s
competency to stand trial.  Pate v. Robinson, 383 U.S. 375, 385 (1966); Fuller
v. State, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008); McDaniel v. State,
98 S.W.3d 704, 706 (Tex. Crim. App. 2003).[1] 
A bona fide doubt is a real doubt in the trial court=s mind as to the defendant=s competency.  Fuller,
253 S.W.3d at 228.  Evidence is sufficient to show a bona fide doubt if it
shows recent mental illness, at least moderate retardation, or truly bizarre
acts by the defendant.  Fuller, 253 S.W.3d at 228; McDaniel, 98
S.W.3d at 710.  If after an informal inquiry the trial court determines that
evidence exists to support a finding of incompetency, it shall order an
examination by an expert to determine whether the defendant is competent to
stand trial.  Tex. Code Crim. Proc. Ann. 
art. 46B.005(a) (Vernon 2006). 

In
this case, we believe that the evidence does not raise a bona fide doubt about
appellant=s competency
to stand trial.  The only evidence offered regarding appellant=s competency was his
statements that he had mental illnesses, that he had taken some medications for
mental illnesses, and that he had been under a psychiatrist=s care on and off for the
past twenty years.  This evidence was not sufficient to create a bona fide
doubt as to appellant=s
ability to consult with his attorney or as to his ability to understand the
proceedings against him.  In fact, appellant=s
actions before and at the hearing showed his ability to understand the
proceedings.  He wrote a letter to the trial court in which he expressed
knowledge of the procedural process.  His letter detailed why a change of venue
would be appropriate and how he was not being provided with adequate due
process.  Further, appellant=s
attorney indicated at the hearing that he did not have difficulty communicating
with appellant regarding his case and preparing for trial.  Having mental
problems without showing how these mental problems interfered with his present
ability to communicate with his attorney or affected his understanding of the
proceedings against him does not create a bona fide doubt of appellant=s competency to stand
trial.  See Baldwin v. State, 227 S.W.3d 251, 253 (Tex. App.CSan Antonio 2007, no
pet.).  The trial court did not err in finding that a psychiatric examination
was unwarranted.  We overrule appellant=s
first issue on appeal. 

Pro
Se Motion to Substitute Attorney

A
trial court=s decision
to allow a withdrawal and substitution of counsel is reviewed under an abuse of
discretion standard.  King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App.
2000).  A defendant is not entitled to his personal choice of appointed
counsel.  Thomas v. State, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). 
The burden is on the defendant to show that he is entitled to a change of
counsel.  Webb v. State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976); Garner
v. State, 864 S.W.2d 92, 98 (Tex. App.CHouston
[1st Dist.] 1993, pet. ref=d). 
The right to counsel may not be manipulated so as to obstruct the judicial
process or interfere with the administration of justice.  King, 29
S.W.3d at 566.  Personality conflicts and disagreements concerning
trial strategy are not valid grounds to allow a withdrawal of appointed
counsel.  Id.  A trial court has no duty to search for counsel agreeable
to the defendant.  Id.         








Appellant
argues that he should have been allowed a change of counsel because of the
disagreement he and counsel had on the record at the pretrial hearing.  We
disagree.  The statements made by counsel and appellant do not show good cause
for a change in counsel.  Rather, the statements show a personality conflict
and a trial strategy disagreement between appellant and his counsel.  Appellant
sought a change of counsel because he disagreed with how his counsel was
proceeding in his case.  That disagreement became at least momentarily
personal, but the trial court is best positioned to determine how this impacted
appellant=s defense.
We cannot agree with appellant that this was a constitutional conflict of
interest.

 Furthermore,
appellant has shown no harm.  Appellant=s
attorney put forth a competent defense.  Different counsel would not have made
a difference in this case as the evidence against appellant was substantial. 
An officer working undercover and a confidential informant testified that
appellant sold the officer drugs.  The State also offered into evidence an
audio recording of the negotiations of the drug deal.  At the punishment
hearing, appellant pleaded true to the two enhancements alleged in the
indictment, and the State also proved up several other offenses.  The trial
court did not abuse its discretion in denying appellant=s request for a change in counsel.  We
overrule appellant=s
second issue on appeal. 

Conclusion

We
affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

 

March 19, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:   Wright,
C.J.,

McCall, J., and Strange, J. 









[1]Appellant relies on Greene v. State, 225 S.W.3d
324 (Tex. App.CSan Antonio 2007, no pet.).  In Greene, the San
Antonio court states that the record does not need to contain evidence that
raises a bona fide doubt to trigger an inquiry into the defendant=s competency.  Id. at 329.  The San Antonio
court relies on the revised statute=s
addition of the word Asuggest.@ 
The prior incompetency statute read Aevidence
of the defendant=s incompetency.@ See
Tex. Code Crim. Proc. art. 46.02,
' 2(b), repealed by Acts of April 30, 2003, 78th
Leg., R.S., ch. 35, ' 15, 2003 Tex.
Gen. Laws 72.  The revised statute reads Aevidence suggesting the defendant may be incompetent.@   See Tex.
Code Crim. Proc. Ann. art. 46B.004 (Vernon 2006).  However, the Court of
Criminal Appeals later held that the standard for triggering a competency
inquiry is still evidence that raises a bona fide doubt about the defendant=s competency to stand trial.  Fuller, 253
S.W.3d at 228.