**Opinion filed March 19, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-07-00089-CR

————

## STEVE ALBERT CARL DARNELL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR18673**

## M E M O R A N D U M   O P I N I O N

Steve Albert Carl Darnell was convicted of delivery of methamphetamine in the amount of more than one gram but less than four grams enhanced by two prior felonies. The trial court sentenced him to sixty years confinement. We affirm.

*Background Facts*

Before trial, appellant wrote a letter to the trial court asking for the court to appoint him a different attorney. In the letter, appellant stated that he has had a history of mental illness, that he had been on several different psychiatric medications since 1989, and that he had been under

psychiatric care on and off since 1981. He also stated that his attorney told him that going to the state hospital for evaluation was out of the question even though he had psychiatrists tell him that he has had a mental illness for over twenty-five years. The trial court held a pretrial hearing to address the issues appellant raised in his letter. At the hearing, appellant stated that he did not believe that his attorney had his best interest at heart. He stated that his attorney had filed only one motion and would not even mention appellant's mental illness. The trial court asked what mental illness appellant had. Appellant stated that he had been diagnosed with borderline schizophrenia, extreme anxiety and manic-depressive disorder. Appellant stated that he was diagnosed by the Texas Department of Corrections and the Home for Troubled Children. Appellant's attorney responded that the first time he heard about any of appellant's mental problems was in the letter to the court. He further stated that appellant was able to communicate with him about the case and that he did not believe that a psychiatric exam was warranted in this case. Appellant responded to his attorney's comments as follows:

> THE DEFENDANT: I know he told you. That's one reason I don't want him because he will sit right there and lie to you. I do not want him representing me. I brought this up to him twice. And he told me he didn't want to discuss things on the phone, but he won't come see me, so I have to talk to him on the phone.

> [DEFENSE COUNSEL]: I'm going to interrupt at this point. That is a flat lie. I have been in contact with [appellant] repeatedly, both on the telephone and in person.

> So any other representations that I'm not communicating with him, I don't know any other way to say it except that is a lie.

Appellant asked the trial court for more time to hire his own attorney or to appoint him another attorney. The trial court stated that there was not a justifiable reason to remove appellant's attorney and appoint him another one. The trial court further stated that, based on the evidence before it, there was no reason to have appellant evaluated by a psychiatrist.

*Issues on Appeal*

Appellant asserts that there was evidence to suggest that he was incompetent to stand trial because of his current mental illness and past diagnosed mental illness. Therefore, appellant contends that the trial court was required to order a psychiatric examination. Appellant also asserts

2

that the trial court erred in not appointing him another attorney because appellant and his attorney called each other liars on the record.

*Competency to Stand Trial*

We review a trial court's decision not to conduct a competency inquiry for an abuse of discretion. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). A person is presumed competent to stand trial and will be deemed competent to stand trial unless proved to be incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (Vernon 2006). A defendant is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon 2006). Either party or the trial court may suggest that a defendant is incompetent. If evidence suggesting that the defendant is incompetent to stand trial comes to the attention of the trial court, it shall conduct an informal inquiry into whether there is some evidence that would support a finding that the defendant is incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004 (Vernon 2006). The evidence must raise a bona fide doubt in the trial court's mind as to the defendant's competency to stand trial. *Pate v. Robinson*, 383 U.S. 375, 385 (1966); *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008); *McDaniel v. State*, 98 S.W.3d 704, 706 (Tex. Crim. App. 2003).[1] A bona fide doubt is a real doubt in the trial court's mind as to the defendant's competency. *Fuller*, 253 S.W.3d at 228. Evidence is sufficient to show a bona fide doubt if it shows recent mental illness, at least moderate retardation, or truly bizarre acts by the defendant. *Fuller*, 253 S.W.3d at 228; *McDaniel*, 98 S.W.3d at 710. If after an informal inquiry the trial court determines that evidence exists to support a finding of incompetency, it shall order an examination by an expert to

---

[1]Appellant relies on *Greene v. State*, 225 S.W.3d 324 (Tex. App.—San Antonio 2007, no pet.). In *Greene*, the San Antonio court states that the record does not need to contain evidence that raises a bona fide doubt to trigger an inquiry into the defendant's competency. *Id.* at 329. The San Antonio court relies on the revised statute's addition of the word "suggest." The prior incompetency statute read "evidence of the defendant's incompetency." *See* TEX. CODE CRIM. PROC. art. 46.02, § 2(b), *repealed by* Acts of April 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 TEX. GEN. LAWS 72. The revised statute reads "evidence suggesting the defendant may be incompetent." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004 (Vernon 2006). However, the Court of Criminal Appeals later held that the standard for triggering a competency inquiry is still evidence that raises a bona fide doubt about the defendant's competency to stand trial. *Fuller*, 253 S.W.3d at 228.

3

determine whether the defendant is competent to stand trial.  TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (Vernon 2006).

In this case, we believe that the evidence does not raise a bona fide doubt about appellant's competency to stand trial.  The only evidence offered regarding appellant's competency was his statements that he had mental illnesses, that he had taken some medications for mental illnesses, and that he had been under a psychiatrist's care on and off for the past twenty years.  This evidence was not sufficient to create a bona fide doubt as to appellant's ability to consult with his attorney or as to his ability to understand the proceedings against him.  In fact, appellant's actions before and at the hearing showed his ability to understand the proceedings.  He wrote a letter to the trial court in which he expressed knowledge of the procedural process.  His letter detailed why a change of venue would be appropriate and how he was not being provided with adequate due process.  Further, appellant's attorney indicated at the hearing that he did not have difficulty communicating with appellant regarding his case and preparing for trial.  Having mental problems without showing how these mental problems interfered with his present ability to communicate with his attorney or affected his understanding of the proceedings against him does not create a bona fide doubt of appellant's competency to stand trial.  *See Baldwin v. State*, 227 S.W.3d 251, 253 (Tex. App.—San Antonio 2007, no pet.).  The trial court did not err in finding that a psychiatric examination was unwarranted.  We overrule appellant's first issue on appeal.

*Pro Se Motion to Substitute Attorney*

A trial court's decision to allow a withdrawal and substitution of counsel is reviewed under an abuse of discretion standard.  *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000).  A defendant is not entitled to his personal choice of appointed counsel.  *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977).  The burden is on the defendant to show that he is entitled to a change of counsel.  *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976); *Garner v. State*, 864 S.W.2d 92, 98 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).  The right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice.  *King*, 29 S.W.3d at 566.  Personality conflicts and disagreements concerning trial strategy are not valid grounds to allow a withdrawal of appointed counsel.  *Id*.  A trial court has no duty to search for counsel agreeable to the defendant.  *Id.*

4

Appellant argues that he should have been allowed a change of counsel because of the disagreement he and counsel had on the record at the pretrial hearing. We disagree. The statements made by counsel and appellant do not show good cause for a change in counsel. Rather, the statements show a personality conflict and a trial strategy disagreement between appellant and his counsel. Appellant sought a change of counsel because he disagreed with how his counsel was proceeding in his case. That disagreement became at least momentarily personal, but the trial court is best positioned to determine how this impacted appellant's defense. We cannot agree with appellant that this was a constitutional conflict of interest.

Furthermore, appellant has shown no harm. Appellant's attorney put forth a competent defense. Different counsel would not have made a difference in this case as the evidence against appellant was substantial. An officer working undercover and a confidential informant testified that appellant sold the officer drugs. The State also offered into evidence an audio recording of the negotiations of the drug deal. At the punishment hearing, appellant pleaded true to the two enhancements alleged in the indictment, and the State also proved up several other offenses. The trial court did not abuse its discretion in denying appellant's request for a change in counsel. We overrule appellant's second issue on appeal.

*Conclusion*

We affirm the judgment of the trial court.

RICK STRANGE

JUSTICE

March 19, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:   Wright, C.J.,
McCall, J., and Strange, J.

5