# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00631-CV

**Carolyn Barnes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 10-663-K368, HONORABLE LLOYD DOUGLAS SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Carolyn Barnes, who has been found incompetent to stand trial in the underlying criminal case and has been appointed counsel, filed a pro se notice of appeal from an August 28, 2012 renewal order of civil commitment with charges pending. *See* Tex. Health & Safety Code Ann. § 574.070 (West 2010). Barnes's notice includes a request to this Court for appointment of new counsel based on the alleged denial of her rights to self-representation and to effective legal representation during her hospitalization. In a pro se filing directed to the district court, Barnes objected to her appointed attorney—requesting his removal and appointment of another—and to the alleged denial of her right to self-representation. Barnes has not secured a ruling on her request.

The appointment and substitution of counsel for indigent defendants is entrusted to the trial court, which is presumed to be in a better position to make such choices. *See Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). It does not appear that Barnes may represent herself under the circumstances herein. *See Indiana v. Edwards*, 554 U.S. 164, 171, 173, 177-78 (2008)

(recognizing that defendant's competence to conduct trial proceedings is higher standard than competence to stand trial); *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010) (citing *Edwards* and noting "mental-illness-related limitation on scope of self-representation right"). Nor does Barnes have a right to appointed counsel of her choice, *see Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977), or to compel the trial court to search for counsel agreeable to her, *see King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). However, Barnes's allegations in these circumstances raise concerns for this Court, which her appointed counsel has not allayed,[1] and the record does not reflect that the district court has ruled on Barnes's request for appointment of new counsel.

We therefore abate this appeal and remand this matter to the district court for a hearing to determine Barnes's request to change appointed counsel. When the district court has made its appropriate findings and recommendations with regard to Barnes's request, the record shall be forwarded to the clerk of this Court for filing as a supplemental record no later than November 19, 2012, unless the district court notifies this Court that more time is required. This appeal will be reinstated after the supplemental clerk's record is filed.

Before Chief Justice Jones, Justices Rose and Goodwin

Abated

Filed: October 4, 2012

---

[1] In related original proceedings, this Court made inquiry of Barnes's appointed counsel, who provided a negligible response, stating that he lacked copies of her pro se petitions and did not intend to file such petitions on her behalf. He did not elaborate on his communication with Barnes or the efficacy of their interaction.