

**NUMBER 13-13-00499-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF C.T., A/K/A B.B.T., A CHILD

**On appeal from the 377th District Court
of Victoria County, Texas.**

# ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Order Per Curiam

This is an accelerated parental termination case. *See* TEX. R. APP. P. 28.4. The trial court terminated the parental rights of appellant K.T. to C.T., a/k/a B.B.T., a child. K.T. appealed the judgment; however, K.T.'s court-appointed appellate counsel, Mark A. Davis, did not timely file a brief. On November 15, 2013, we abated the appeal and remanded to the trial court to hold a hearing to determine: (1) whether K.T. desires to prosecute this appeal; (2) why counsel has failed to file a brief or motion to withdraw; (3) whether K.T. has been denied effective assistance of counsel; (4) whether K.T. should

be appointed new counsel; and (5) any other issues to ensure an expeditious resolution.

A hearing was held and the trial court made the following findings of fact:

(1) Based on prior contacts by K.T. with Hon. Mark Davis, K.T. does desire to prosecute this appeal.

(2) Hon. Mark Davis has not filed a brief based on K.T. telling him he was terminated many times, K.T. disagreeing with his brief, and being advised she was getting counsel in the Dallas/Ft. Worth area.

(3) The Trial Court does not have any information to indicate that K.T. is no longer indigent, nor that she wants to proceed pro se.

(4) Hon. Mark Davis has a brief that he can file based upon his determination of appropriate argument to assert, but appears to be in conflict with argument K.T. wants to assert.

(5) Due to the appellate time frame, [Davis's] being unable to locate K.T. at this time, and assuming this complies with Rules of Professional Responsibility, the Trial Court recommends that Hon. Mark Davis:  be required to continue as K.T.'s court-appointed attorney; be ordered to file the brief that he has prepared asserting the grounds that he ethically believes warrant review, identify K.T.'s disagreement and identify, if able, the arguments K.T. wanted to assert.

We agree with the trial court's recommendation.  We note that the appointment of an attorney for indigent parents contesting the termination of their parental rights is mandatory, TEX. FAM. CODE ANN. § 107.013 (West Supp. 2012); however, in the criminal context, courts have held that appellants do not have the right to choose their own appointed counsel.  Unless an appellant waives her right to counsel and elects to proceed pro se, or otherwise shows adequate reason for the appointment of new counsel, she is not entitled to discharge her counsel but must accept the counsel appointed by the trial court.  *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977).

Due to the nature of a termination hearing and the right of an indigent parent to

have appointed counsel, we hereby LIFT the previously-imposed abatement, REINSTATE the appeal, and ORDER K.T.'s court-appointed appellate counsel, Mark A. Davis, to file with the Clerk of this Court the brief that he has prepared asserting the grounds that he ethically believes warrant review. The brief must identify the areas of K.T.'s disagreement and identify, if possible, the arguments K.T. wanted to assert. We note that over 75 days of the total 180 days in which this type of appeal is to be disposed have already passed. See Tex. R. Jud. Admin. 6.2(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp. 2012). Accordingly, we ORDER counsel to file appellant's brief as directed herein within TEN days of the date of this order.

It is so ORDERED.

PER CURIAM

Order delivered and filed the
4th day of December, 2013.

3