**Order filed August 12, 2021**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-21-00145-CR

_____

## DANIEL RAY GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Gaines County, Texas**
**Trial Court Cause No. 19-5086**

### O R D E R

Daniel Ray Garcia, who is currently represented by court-appointed counsel Arthur Aguilar, Jr., has filed in this court a request to have Aguilar removed as his attorney and to, perhaps, proceed pro se on appeal. We abate this appeal.

Garcia specified in his request for the appointment of appellate counsel, which was filed in the trial court, that he did not want Aguilar to be appointed as his attorney as they had a longstanding conflict. Garcia indicated that he would prefer

to represent himself on appeal rather than being represented by Aguilar. The trial court nevertheless appointed Aguilar to represent Garcia in this appeal.

We first point out that a defendant is not entitled to his personal choice of appointed counsel. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Furthermore, a trial court has no duty to search for counsel agreeable to the defendant. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). Second, we note that this court has no authority to appoint counsel.

Because Garcia has indicated that he would rather proceed pro se than be represented by Aguilar, we must abate the appeal and remand the cause to the trial court so that the trial court may reconsider the appointment of counsel in this appeal and so that it may determine whether, after being warned of the dangers and disadvantages of self-representation, Garcia competently and intelligently chooses to exercise the right to represent himself. If it is determined that Garcia remains indigent and is exercising his right to represent himself, the trial court must develop evidence as to whether Garcia's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976). We note that Garcia need not appear in person at the hearing and that the trial court may permit him to appear via telephone. The trial court is directed to enter findings of fact and conclusions of law and to make any appropriate recommendations to this court.

The clerk of the trial court is directed to prepare and forward to this court a clerk's record containing the findings, recommendations, and any orders of the trial court. The court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before October 11, 2021.

The appeal is abated.

PER CURIAM

August 12, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.