**Order entered July 12, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01119-CR**

**No. 05-20-01120-CR**

**No. 05-20-01121-CR**

**No. 05-20-01122-CR**

**No. 05-20-01123-CR**

**No. 05-20-01124-CR**

**No. 05-20-01125-CR**

**ANDREW COLE HAMILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-81112-2020, 296-81113-2020, 296-81114-2020,**
**296-81659-2020, 296-81978-2020, 296-82339-2020, & 296-82340-2020**

**ORDER**

Pending is a pro se motion filed by appellant on May 28, 2022, complaining

about the representation of his appointed appellate attorney and requesting her

removal and replacement. Appellant claims he has not spoken to his attorney since last year and that he has repeatedly tried to contact her via letters, emails and telephone calls, but she has not responded. Appellant's motion also alludes to two errors allegedly made by the sentencing judge in this case that appellant asks us to consider preserved; and it lists approximately thirteen things appellant says he wants to discuss with his newly appointed counsel.

Our records show appellant's attorney filed a brief raising two points of error for this Court to review. A defendant does not have the right to his own choice of appointed counsel. *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977); *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). Vague expressions of dissatisfaction with counsel, personality conflicts or disagreements regarding strategy, and general allegations of communication breakdown and lack of cooperation are insufficient to justify the replacement of appointed counsel. *E.g., King*, 29 S.W.3d at 566; *Calahan v. State*, No. 05-09-01357-CR, 2011 WL 2465474, at *4 (Tex. App.—Dallas June 22, 2011, no pet.) (mem. op., not designated for publication). Furthermore, an appellant is not entitled to dual or "hybrid" representation. *See Landers v. State*, 550 S.W.2d 272, 278 (Tex. Crim. App. 1977); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995.

Appellant's motion is, therefore, **DENIED**.

/s/    LANA MYERS
JUSTICE